*323 MARKMAN, J.
This Court granted leave to appeal to address whether the trial court’s failure to provide the appellant-surety notice within seven days of defendant’s failure to appear, as is required by MCL 765.28, bars forfeiture of the bail bond posted by the surety. Relying on In re Forfeiture of Bail Bond (People v Moore), 276 Mich App 482; 740 NW2d 734 (2007), the Court of Appeals held that a court’s failure to comply with the seven-day notice provision of MCL 765.28(1) does not bar forfeiture of a bail bond posted by a surety. Because we conclude that Moore was wrongly decided, we hold that a court’s failure to comply with the seven-day notice provision of MCL 765.28(1) does bar forfeiture of a bail bond posted by a surety. When a statute provides that a public officer “shall” undertake some action within a specified period of time, and that period of time is provided to safeguard another’s rights or the public interest, as with the statute at issue here, it is mandatory that such action be undertaken within the specified period of time, and noncompliant public officers are prohibited from proceeding as if they had complied with the statute. Accordingly, we reverse the judgment of the Court of Appeals and vacate the trial court’s orders to the extent that the orders forfeited the bail bond posted by the surety and ordered the surety to pay $50,000.
I. FACTS AND HISTORY
Defendant Corey Deshawn Gaston was charged with one count of first-degree home invasion, MCL 750.110a(2); two counts of first-degree criminal sexual conduct, MCL 750.520b(l)(a) and (2)(b); one count of second-degree criminal sexual conduct, MCL 750.520c(l)(a); and one count of kidnapping, *324 MCL 750.350. Appellant-surety posted a $50,000 bond to obtain defendant’s release from jail. On February 7, 2008, defendant failed to appear at a scheduled conference, and on February 11, 2008, defendant failed to appear for trial. The trial court ordered that defendant be rearrested and remanded to jail and that his bond be forfeited. Three years later, on February 8, 2011, the trial court sent notice to the surety to appear to show cause why judgment should not enter for forfeiture of the full amount of the bond. In response, the surety filed a motion to set aside the forfeiture based on the trial court’s failure to timely provide notice of defendant’s failure to appear, as is required by MCL 765.28(1). Relying on Moore, the trial court denied the motion and entered a judgment against defendant in the amount of $150,000 and against the surety in the amount of $50,000.
The surety appealed in the Court of Appeals, arguing that the trial court’s failure to provide it notice of defendant’s failure to appear within seven days, as is required by MCL 765.28(1), should have barred the forfeiture of the surety’s bond. The Court of Appeals, also relying on Moore, affirmed the trial court and held that the trial court’s failure to provide the surety notice of defendant’s failure to appear within seven days did not foreclose the court from entering judgment on the forfeited bond. In re Forfeiture of Bail Bond (People v Gaston), unpublished opinion per curiam of the Court of Appeals, issued September 13, 2012 (Docket No. 305004).
The surety then appealed in this Court, presenting the same argument that it had before the trial court and the Court of Appeals. This Court granted leave to appeal to address
*325 (1) whether a court’s failure to comply with the 7-day notice provision of MCL 765.28 bars forfeiture of a bail bond posted by a surety and (2) whether In re Forfeiture of Bail Bond (People v Moore), 276 Mich App 482 (2007), holding that the 7-day notice provision is directory rather than mandatory, was correctly decided. [In re Forfeiture of Bail Bond (People v Gaston), 493 Mich 936 (2013).]
Defendant is still at large and is currently identified as one of the United States Marshals’ fifteen most wanted fugitives.[1]
II. STANDARD OF REVIEW
Questions of statutory interpretation are questions of law that are reviewed de novo. Martin v Beldean, 469 Mich 541, 546; 677 NW2d 312 (2004). Questions relating to the proper interpretation of court rules are also questions of law that are reviewed de novo. People v Burns, 494 Mich 104, 110; 832 NW2d 738 (2013).
III. ANALYSIS
MCL 765.28(1) provides in pertinent part:
If default is made in any recognizance in a court of record, the default shall be entered on the record by the clerk of the court. After the default is entered, the court shall give each surety immediate notice not to exceed 7 days after the date of the failure to appear. The notice shall be served upon each surety in person or left at the surety’s last known business address. Each surety shall be given an opportunity to appear before the court on a day certain and show cause why judgment should not be entered against the surety for the full amount of the bail or surety bond. If good cause is not shown for the defendant’s failure to *326 appear, the court shall enter judgment against the surety-on the recognizance for an amount determined appropriate by the court but not more than the full amount of the bail, or if a surety bond has been posted the full amount of the surety bond. If the amount of a forfeited surety bond is less than the full amount of the bail, the defendant shall continue to be liable to the court for the difference, unless otherwise ordered by the court. [Emphasis added.]
MCR 6.106(I)(2) provides in pertinent part:
If the defendant has failed to comply with the conditions of release, the court may issue a warrant for the arrest of the defendant and enter an order revoking the release order and declaring the bail money deposited or the surety bond, if any, forfeited.
(a) The court must mail notice of any revocation order immediately to the defendant at the defendant’s last known address and, if forfeiture of bail or bond has been ordered, to anyone who posted bail or bond. [Emphasis added.]
In this case, there is no question that the trial court failed to provide the surety notice within seven days after the date of defendant’s failure to appear, as is required by MCL 765.28(1), or provide the surety notice of the revocation order “immediately,” as is required by MCR 6.106(I)(2). The question at issue is whether this failure to provide the required notice bars forfeiture of the bail bond posted by the surety. Both the trial court and the Court of Appeals relied on Moore, 276 Mich App at 495, in concluding that the failure to provide notice does not bar such a forfeiture.
In Moore, the trial court entered a judgment against the surety even though the trial court had not timely notified the surety, and the Court of Appeals denied leave to appeal. This Court remanded to the Court of Appeals for consideration as on leave granted. In re Forfeiture of Bail Bond (People v Moore), 474 Mich 919 *327 (2005). On remand, the Court of Appeals affirmed the trial court and held that “ ‘ “[t]he general rule is that if a provision of a statute states a time for performance of an official duty, without any language denying performance after a specified time, it is directory.” ’ ” Moore, 276 Mich App at 494-495, quoting People v Smith, 200 Mich App 237, 242; 504 NW2d 21 (1993), quoting 3 Sutherland, Statutory Construction (5th ed), § 57:19, pp 47-48. Relying on this “general rule,” the Court of Appeals held that “the seven-day notice provision of MCL 765.28(1) is directory, not mandatory” and therefore concluded that “[d]espite the trial court’s six-month delay in notifying [the surety] of [defendant’s] failure to appear, . . . the statute did not prevent the trial court from entering judgment against [the surety] on the forfeited surety bond.” Moore, 276 Mich App at 495.
The Court of Appeals’ decision in Moore was not appealed in this Court, and therefore this is the first opportunity for this Court to consider whether Moore was correctly decided. For the reasons that follow, we conclude that it was not. To begin with, Moore gave only passing consideration to the “general rule” that “ ‘[s]halT is a mandatory term, not a permissive one.” People v Francisco, 474 Mich 82, 87; 711 NW2d 44 (2006); see also Fradco, Inc v Dep’t of Treasury, 495 Mich 104, 114; 845 NW2d 81 (2014) (“The Legislature’s use of the word ‘shall’... indicates a mandatory and imperative directive.”); 3 Sutherland, Statutory Construction (7th ed), § 57:19, pp 75-76 (“Generally, when the word ‘shall’ is used in referring to a time provision, it should be construed to be mandatory”).
Along similar lines, Moore failed to recognize the consequence of the fact that the Legislature amended MCL 765.28(1) in 2002, changing “may” to “shall.” See *328 Fay v Wood, 65 Mich 390, 397; 32 NW 614 (1887) (recognizing that the significance of a statutory amendment changing “should” to “shall” is that the statute becomes “mandatory”). Prior to 2002, MCL 765.28(1) provided that the court “may give the surety or sureties twenty days’ notice.” (Emphasis added.) In 2002, the Legislature amended MCL 765.28(1) to provide that the court “shall give each surety immediate notice not to exceed 7 days after the date of the failure to appear.” 2002 PA 659 (emphasis added). While the term “may” is permissive, not mandatory, Browder v Int’l Fidelity Ins Co, 413 Mich 603, 612; 321 NW2d 668 (1982), the term “shall,” as discussed, is a “mandatory term, not a permissive one,” Francisco, 474 Mich at 87. Therefore, in 2002, the Legislature changed the notice provision of MCL 765.28(1) from being permissive to being mandatory. Yet, despite this change, Moore continued to interpret the notice provision of MCL 765.28(1) as being permissive rather than mandatory. Moore construed the statute as if it still read “may,” thereby rendering the 2002 amendment of the statute nugatory even though it is well established that “ ‘[c]ourts must give effect to every word, phrase, and clause in a statute and avoid an interpretation that renders nugatory or surplusage any part of a statute.’ ” People v Couzens, 480 Mich 240, 249; 747 NW2d 849 (2008) (citation omitted).
Moore also failed to recognize that this Court has long held that “ ‘whenever the act to be done under a statute is to be done by a public officer, and concerns the public interest or the rights of third persons, which require the performance of the act, then it becomes the duty of the officer to do it.’ ”Agent of State Prison v Lathrop, 1 Mich 438, 444 (1850) (citation omitted). In Lathrop, this Court concluded that because the applicable statutory notice provision — which provided that it “shall be the duty of the agent to give at least twenty *329 days’ notice,” id. at 439 (emphasis added) — “was intended for the benefit of the state as well as those who may contract with it,” “compliance with the duties set forth [were] necessary to carry into effect the object of the law. ...” Id. at 444. In other words, because the statutory notice provision was designed to protect the public interest, as well as the rights of third persons, it must be construed as a mandatory provision. Cf. Fay, 65 Mich at 401 (“Statutes fixing a time for the doing of an act are considered as only directory, where the time is not fixed for the purpose of giving a party a hearing, or for some other purpose important to him.”); Hooker v Bond, 118 Mich 255, 257; 76 NW 404 (1898), quoting Cooley, Taxation (2d ed), p 289 (“ ‘The fixing of an exact time for the doing of an act is only directory, where it is not fixed for the purpose of giving the party a hearing, or for any other purpose important to him.’ ”). Because “ ‘[t]his Court [must] presume that the Legislature of this state is familiar with the principles of statutory construction,’ ” Nation v W D E Electric Co, 454 Mich 489, 494-495; 563 NW2d 233 (1997) (citation omitted), we must presume that when the Legislature amended MCL 765.28(1) in 2002, changing “may” to “shall,” it intended “shall” to mean what this Court has held that “shall” means since at least 1850.
The Lathrop rule is very similar to the rule set forth in 3 Sutherland, § 57:19, pp 72-74:
It is difficult to conceive of anything more absolute than a time limitation. And yet, for obvious reasons founded in fairness and justice, time provisions are often found to be directory where a mandatory construction might do great injury to persons not at fault, as in a case where slight delay on the part of a public officer might prejudice private rights or the public interest. The general rule is that if a provision of a statute states a time for performance of an official duty, without any language denying performance after a speci *330 fied time, it is directory. However, if the time period is provided to safeguard someone’s rights, it is mandatory, and the agency cannot perform its official duty after the time requirement has passed. [Emphasis added.]
While Moore quoted and relied on the “general rule” articulated by Sutherland, it completely ignored the sentences immediately preceding and following Sutherland’s articulation of the rule. That is, while Moore adopted Sutherland’s general rule, it did not give any consideration to Sutherland’s explanation regarding when this general rule should and should not be applied. Specifically, in the sentence that immediately follows the general rule, Sutherland explained that “if the time period is provided to safeguard someone’s rights, it is mandatory, and the agency cannot perform its official duty after the time requirement has passed.” Id.
This exception to Sutherland’s general rule would certainly apply in this case because the time period at issue was clearly “provided to safeguard someone’s rights.” Cf. Smith, 200 Mich App at 243 (“The time limits were created not to protect the rights of accused drunk drivers, but to prod the judiciary, and the prosecutors who handle drunk driving cases, to move such cases with dispatch.”). Indeed, it was provided to safeguard both the rights of the surety and the public interest. Requiring the court to provide notice to the surety within seven days of the defendant’s failure to appear clearly protects the rights of the surety by enabling the surety to promptly initiate a search for the defendant, which is obviously significant to the surety because “[a] surety is generally discharged from responsibility on the bond when the [defendant] has been returned to custody or delivered to the proper authorities . .. .” Moore, 276 Mich App at 489; see also MCL 765.26(2) (“Upon delivery of his or her principal at the *331 jail by the surety or his or her agent or any officer, the surety shall be released from the conditions of his or her recognizance.”). A surety’s ability to apprehend an absconding defendant is directly affected by whether the surety has received prompt notice of the defendant’s failure to appear because the former’s ability to recover and produce an absconding defendant declines with the passage of time. Therefore, the statutory notice provision upholds the surety’s right to an effective opportunity to secure the defendant before having its bond forfeited.
At the same time, the notice provision protects the interests of the public in an equally obvious manner because the sooner the court notifies the surety of the defendant’s failure to appear, the sooner the surety can begin to search for the defendant, the more effective its pursuit will be, and the sooner the defendant can be placed behind bars and prevented from further harming members of the public.[2] See Helland & Tabarrok, The Fugitive: Evidence on Public Versus Private Law Enforcement from Bail Jumping, 47 J L & Econ 93, 94 (2004) (noting an expectation that “the felony defendants who fail to appear are the ones most likely to commit additional crimes”); see also Moore, 276 Mich App at 489 (holding that a surety is authorized to arrest and deliver a defaulting defendant to the jail or to the county sheriff); MCL 765.26(1) (authorizing a surety to arrest and deliver a defendant if the surety wishes to be relieved from responsibility for the defendant). Providing timely notice to the surety also protects the public’s *332 interest injustice under law by ensuring that those who have been charged with crimes, and who have subsequently absconded, timely face those charges in court. Thus, there is a common interest served by the notice provision: a private interest of the surety in being relieved of financial responsibility under the bond and a public interest in facilitating the apprehension of an absconding defendant, both in order to protect the safety of the public and to ensure a timely trial on the criminal charges.[3]
The apprehension of absconding defendants is essential to the effective guarantee of our criminal laws, and sureties play a critical role in this regard.[4] As one commentator has recognized, sureties are a necessary part of the apprehension process because “public police are often strained for resources, and the rearrest of defendants who fail to show up at trial is usually given low precedence.” Helland, 47 J L & Econ at 98. As a result, “the probability of being recaptured is some 50 percent higher for those released on surety bond relative to other releases,” id. at 113, and “[defendants released on surety bond are ... 53 percent less likely to remain at large for extended periods of time,” id. at 118. These findings indicate that sureties are “effective at. . . recapturing defendants.” Id. However, sureties can only be effective at recapturing defendants if they are aware that there is an absconding defendant who needs to be recaptured — hence the rationale for, and the importance of, the statutory notice provision.
*333 Moore also failed to recognize that the underlying rationale of Sutherland’s general rule itself does not justify its application in the instant case. Although this rationale is explained in the sentence that immediately precedes the general rule, the Court of Appeals altogether failed to address it. The rationale is contained in the observation that “time provisions are often found to be directory where a mandatory construction might do great injury to persons not at fault, as in a case where slight delay on the part of a public officer might prejudice private rights or the public interest.” 3 Sutherland, § 57:19, pp 73-74.[5] See, for example, Dolan v United States, 560 US 605; 130 S Ct 2533, 2539-2540; 177 L Ed 2d 108 (2010) (“The fact that a sentencing court misses the statute’s 90-day deadline, even through its own fault or that of the Government, does not deprive the court of the power to order restitution” because (a) “the [statute’s] efforts to secure speedy determination of restitution is primarily designed to help victims of crime secure prompt restitution rather than to provide defendants with certainty as to the amount of their liability” and (b) “to read the statute as depriving the sentencing court of the power to order restitution would harm those — the victims of crime— *334 who likely bear no responsibility for the deadline’s being missed and whom the statute also seeks to benefit.”) (emphasis in the original).
By contrast, in the instant case, a mandatory construction would neither “do great injury to persons not at fault” nor “prejudice private rights or the public interest.” 3 Sutherland, § 57:19, pp 73-74. Indeed, just the opposite is true. Not mandating timely notice of the defendant’s failure to appear might well do great injury to persons not at fault because, as explained earlier, if the surety does not know that the defendant failed to appear, the surety would not have begun searching for the defendant, and if the surety has not begun searching for the defendant, not only would the defendant have remained free during this period, possibly to do harm to other individuals, but the longer-term prospects of apprehension would also have been diminished. For this reason, the “public interest” in the instant case is not only not prejudiced by adopting a mandatory construction, but would instead be prejudiced by not adopting a mandatory construction. The “private rights” of the surety are also better protected by adopting a mandatory construction because, as discussed earlier, the surety will be discharged from its financial obligation under the bond once the surety finds and returns the defendant to the jail or the county sheriff, which will certainly be easier if the surety is promptly notified of the defendant’s failure to appear. Even the trial court in Moore acknowledged “the difficulty that a surety might face in apprehending a [defendant] when the court fails to provide timely notice of the [defendant’s] default.” Moore, 276 Mich App at 496.
Moore also failed to realize that Sutherland recognizes circumstances that compel the necessity of mandatory constructions:
*335 [S]ome limitations of time within which a public officer is to act must be construed as mandatory. Such a construction is necessary where failure to obey the time limitation embodies a risk of unknown injury to public or private rights. [3 Sutherland, § 57:19, p 80.]
For the reasons already explained earlier, a court’s failure to notify the surety within seven days of the defendant’s failure to appear “embodies a risk of unknown injury to public or private rights.” If a court fails to provide the surety with timely notice of the defendant’s failure to appear, a statutory scheme designed to create an incentive for third parties to assist in the apprehension of defendants who abscond, commit new crimes, or threaten other persons will almost certainly be rendered less effective and, as a result, “persons not at fault” (i.e., members of the public) will almost certainly face a greater threat from such defendants. The “private rights” implicated by a breach of MCL 765.28(1) — in this case, $50,000 of the resources of the surety — are even more obvious. Because “failure to obey the time limitation embodies a risk of unknown injury to public [and] private rights,” a mandatory construction of the notice provision is necessary.
To summarize, by relying exclusively on Sutherland’s general rule, Moore failed to recognize that the fact that the time period at issue here safeguards both the rights of another and the public interest is relevant not only with regard to our own caselaw, see Lathrop, supra, but also with regard to (a) Sutherland’s exception to his “general rule,” (b) Sutherland’s underlying rationale for his general rule, and (c) Sutherland’s articulation of additional circumstances that compel a mandatory construction.
Sutherland indicates that the remedy for a public entity’s failure to follow a mandatory time period is that *336 the public entity “cannot perform its official duty after the time requirement has passed.” 3 Sutherland, § 57:19, p 74. This is consistent with this Court’s rule in Lathrop, in which we explained that a public entity’s “power only arises from the performance of the acts required to be done” by law. Lathrop, 1 Mich at 445. When a public entity does not perform its statutory obligations in a timely manner, and fails to respect the statutory preconditions to its exercise of authority, it lacks the authority to proceed as if it had. In this case, the consequence is that the court cannot require the surety to pay the surety bond because the court failed to provide the surety notice within seven days of defendant’s failure to appear, as the statute clearly requires. Any other interpretation of the statute would render the seven-day notice requirement entirely nugatory.
It is well established that
[w]e have no authority to treat any part of a legislative enactment, which is not ambiguous in itself and is capable of reasonable application, as so far unimportant that it is a matter of indifference whether it is complied with or not. We must suppose the legislature saw sufficient reason for its adoption, and meant it to have effect; and whether the reason is apparent to our minds or not, we have no discretion to dispense with a compliance with the statute. [Hoyt v East Saginaw, 19 Mich 39, 46 (1869).]
Therefore, in the instant case, we have no authority to treat the statutory notice provision “as so far unimportant that it is a matter of indifference whether it is complied with or not.” Because the statutory notice provision is a mandatory provision, it must be complied with, and if it was not, the court may not proceed with its bond forfeiture proceeding.[6]
*337 In Moore, 276 Mich App at 494-495, the Court of Appeals relied on People v Smith, 200 Mich App 237; 504 NW2d 21 (1993), and People v Yarema, 208 Mich App 54; 527 NW2d 27 (1994), to conclude that the surety was not entitled to a remedy for the court’s violation of the seven-day notice provision. However, Smith and Yarema actually stand for the exact opposite proposition, because in those cases the Court of Appeals held that the defendant was entitled to a remedy for the government’s failure to follow statutory time limits. That is, in Smith and Yarema, the Court of Appeals held that the remedy for the failure to arraign the defendant within 14 days, as required by MCL 257.625b(l), was a dismissal without prejudice. Smith and Yarema in turn relied on this Court’s decision in People v Weston, 413 Mich 371, 377; 319 NW2d 537 (1982).
Weston involved MCL 766.4, which states that the magistrate “shall set a day for a preliminary examination not exceeding 14 days after the arraignment.” This Court held that because the statute contains an “unqualified statutory command that the examination be held within 12 days,” “[t]he failure to comply with the statute governing the holding of the preliminary examination entitles the defendant to his discharge.” Weston, 413 Mich at 376. Therefore, these cases actually under *338 mine Moore’s assumption that there is no remedy for a statutory violation unless the Legislature expressly states that there is a remedy. See also In re Contempt of Tanksley, 243 Mich App 123, 128-129; 621 NW2d 229 (2000) (“Given the clear legislative mandate that a respondent be afforded a hearing on a charged [personal protection order] violation within seventy-two hours, we hold that a violation of the time limit expressed in MCL 764.15b(2)(a) or MCR 3.708(F)(1)(a) demands dismissal of the charge.”).
Finally, Moore also relied on MCL 765.27 to conclude that “[t]he Legislature has plainly declared that the trial court’s failure to provide proper notice of a principal’s default does not bar or preclude the court’s authority to enter judgment on a forfeited recognizance.” Moore, 276 Mich App at 495. MCL 765.27 provides:
No action brought upon any recognizance entered into in any criminal prosecution, either to appear and answer, or to testify in any court, shall be barred or defeated nor shall judgment thereon be arrested, by reason of any neglect or omission to note or record the default of any principal or surety at the time when such default shall happen, nor by reason of any defect in the form of the recognizance, if it sufficiently appear, from the tenor thereof, at what court the party or witness was bound to appear, and that the court or a magistrate before whom it was taken was authorized by law to require and take such recognizance. [Emphasis added.]
Contrary to Moore’s assertion, MCL 765.27 does not refer to the trial court’s “failure to provide proper notice of a principal’s default.” (Emphasis added.) Instead, it merely refers to the failure “to note or record the default.” (Emphasis added.) In this case, there is no question that the trial court did, in fact, “note or *339 record” the default; it just did not notify the surety of the default within seven days. Therefore, reliance on MCL 765.27 is inapt.
For all these reasons, we conclude that Moore was wrongly decided, and therefore we overrule it. Where a statute provides that a public officer “shall” do something within a specified period of time and that time period is provided to safeguard someone’s rights or the public interest, as does the statute here, it is mandatory, and the public officer is prohibited from proceeding as if he or she had complied with the statutory notice period.[7]
IV CONCLUSION
Because we conclude that Moore was wrongly decided, we overrule it and hold that a court’s failure to comply with the seven-day notice provision of MCL 765.28(1) bars forfeiture of a bail bond posted by a surety. When a statute provides that a public officer *340 “shall” do something within a specified period of time and that time period is provided to safeguard someone’s rights or the public interest, as does the statute here, it is mandatory, and the public officer who fails to act timely is prohibited from proceeding as if he or she had acted within the statutory notice period. Accordingly, we reverse the judgment of the Court of Appeals and vacate the trial court’s orders to the extent that the orders forfeited the bail bond posted by the surety and ordered the surety to pay $50,000.
Young, C.J., and Cavanagh, Kelly, Zahra, McCormack, and VIVIANO, JJ, concurred with MArkman, J.

 See U.S. Marshals, Fugitive Investigations -15 Most Wanted, <http:// www.usmarshals.gov/investigations/rn.ost_wanted/mdex.html> (accessed June 10, 2014) [http://perma.cc/Z992-2ZMQ].

 The prosecutor conceded at oral argument that the statutory notice provision is designed to protect the public’s interest in the “seizure [or] recapture of the absconding defendant” and that the government’s interest in collecting the bail money “doesn’t outweigh” the public’s interest in “apprehending fugitives as [effectively and as quickly as possible[.]”

 Moreover, this public interest can also be viewed in terms of the private interest served with regard to eyewitnesses and other potential witnesses at trial whose safety and security are placed at particular risk by an absconding defendant.

 Sureties also play a critical role in the process of safeguarding defendants’ constitutional due process rights before trial.

 The “exception” to Sutherland’s general rule and the underlying rationale of Sutherland’s general rule are really two sides of the same coin. The underlying rationale for construing time provisions as directory is that in some instances, mandatory construction “might do great injury to persons not at fault, as in a case where slight delay on the part of a public officer might prejudice private rights or the public interest,” while the exception to the general rule is that “if the time period is provided to safeguard someone’s rights, it is mandatory, and the agency cannot perform its official duty after the time requirement has passed.” In other words, according to Sutherland, time provisions should be construed as directory if a mandatory construction might prejudice someone’s rights or the public interest, while time provisions should be construed as mandatory if a directory construction might prejudice someone’s rights or the public interest.

 The prosecutor argues that MCR 2.613(A) bars relief. We respectfully disagree. MCR 2.613(A) provides that “[a]n. . . error or defect in any *337 thing done or omitted by the court or by the parties is not ground for . .. vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice.” Refusing to disturb the trial court’s judgment against the surety would be “inconsistent with substantial justice” for the reasons explained earlier — namely, given that the court did not uphold its end of the bargain by notifying the surety within seven days of defendant’s failure to appear, it would be “inconsistent with substantial justice” to require the surety to uphold its part of the bargain by paying the judgment on the bond. It would also undermine the public’s interest in having the court timely notify the surety so that the surety can quickly find and capture absconding defendants.

 We note that it makes no practical difference whatsoever whether the general rule is expressed in the manner set forth in Sutherland (when a statute provides that a public officer “shall” do something within a specified period of time, it is directory unless the time period is provided to safeguard someone’s rights or the public interest) or in the manner set forth in this opinion (when a statute provides that a public officer “shall” do something within a specified period of time and the time period is provided to safeguard someone’s rights or the public interest, it is mandatory). Both articulations lead to the same result. We adopt the latter articulation, however, because it would seem to be the case more often than not that when the Legislature has chosen to direct a public officer to do something within a specified time, it has done so in order to safeguard another’s rights or the public interest, and thus, more often than not, the directive would be mandatory rather than directory. Moreover, the latter articulation has the considerable virtue of communicating as the default position in interpreting the law that “shall” means “shall.” Webster’s Seventh New Collegiate Dictionary (1967) (defining “shall” as “used to express a command or exhortation”; “used in laws, regulations, or directives to express what is mandatory”).