# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

FATEEN ROHN MUHAMMAD,

Defendant-Appellee.

UNPUBLISHED
December 22, 2015

No. 317054
Ingham Circuit Court
LC No. 13-000161-FH

ON REMAND

Before: MURRAY, P.J., and O'CONNELL and BORRELLO, JJ.

PER CURIAM.

Initially, this Court reversed the trial court's decision dismissing defendant's habitual offender notice when the prosecutor did not timely notify defendant of its intent to enhance his sentencing because we concluded that the error was harmless. *People v Muhammad*, unpublished opinion per curiam of the Court of Appeals, issued July 29, 2014 (Docket No. 317054). On October 30, 2015, the Michigan Supreme Court vacated this Court's decision and remanded for this Court to "determine whether the trial court erred by concluding that the proper remedy for the prosecutor's statutory violation was dismissal of the habitual offender notice[,]" *People v Muhammad*, ___ Mich ___ (2015), citing *In re Forfeiture of Bail Bond*, 496 Mich 320; 852 NW2d 747 (2014). On remand, we affirm the trial court's decision.

This Court reviews de novo questions of statutory interpretation. *People v Parker*, 288 Mich App 500, 504; 795 NW2d 596 (2010). This Court also reviews de novo constitutional issues. *People v McCuller*, 479 Mich 672, 681; 739 NW2d 563 (2007).

The prosecution may enhance a defendant's sentence by filing a written notice of intent within 21 days after the defendant's arraignment or, if the defendant waives arraignment, within 21 days after filing the information that charges the defendant of the underlying offense. MCL 769.13(1). "The notice *shall* be filed with the court and served upon the defendant or his or her attorney within the time provided in [MCL 769.13(1)]." MCL 769.13(2) (emphasis added).

In *Forfeiture of Bail Bond*, the Michigan Supreme Court addressed "whether the trial court's failure to provide the appellant-surety notice within seven days of defendant's failure to appear, as is required by MCL 765.28, bars forfeiture of the bail bond posted by the surety." *Forfeiture of Bail Bond*, 496 Mich at 323. In that case, the Michigan Supreme Court concluded

-1-

that failure to provide notice within the mandatory time period barred forfeiture of a defendant's bail bond. *Id*. at 339. The Supreme Court reasoned that "[w]here a statute provides that a public officer "shall" do something within a specified period of time and that time period is provided to safeguard someone's rights or the public interest, . . . it is mandatory, and the public officer is prohibited from proceeding as if he or she had complied with the statutory notice period." *Id*.

In this case, the prosecution concedes that it failed to serve the notice to defendant within the 21-day time mandated in MCL 769.13(1), but it contends that this error was harmless. However, as with the bail bond forfeiture statute, the habitual offender statute provides that the prosecution *shall* serve notice on the defendant within a specific time period. We conclude that the prosecution's failure to serve notice under MCL 769.13 in a timely manner prohibits it from proceeding as if it had timely filed the notice and that the trial court properly determined that the appropriate remedy for this violation was dismissing the habitual offender notice.

We affirm.

/s/ Christopher M. Murray
/s/ Peter D. O'Connell
/s/ Stephen L. Borrello