# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* FORFEITURE OF BAIL BOND,

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ANTOINE J. STANFORD,

        Defendant,

and

LEO'S BAIL BONDS AGENCY COMPANY, INC., as Agent in Fact of ROCHE SURETY AND CASUALTY COMPANY, INC.,

        Appellant.

FOR PUBLICATION
November 22, 2016
9:10 a.m.

No. 328784
Eaton Circuit Court
LC No. 14-020293-FH

---

Before: RONAYNE KRAUSE, P.J., and O'CONNELL and GLEICHER, JJ.

PER CURIAM.

Appellant, the agent for the surety on a bail bond provided for defendant in a criminal matter, appeals as of right the circuit court's decision denying its motion to vacate forfeiture of bond. The court concluded that appellant had received timely notice of defendant's default, and also concluded that a late penalty assessed against appellant for failure to timely pay the judgment was proper. We conclude that the notice was not timely, so we reverse and remand for further proceedings.

## I. BACKGROUND FACTS

Defendant Antoine Stanford was charged with uttering and publishing, MCL 750.249, and operating with a suspended license, MCL 257.904. Appellant, as agent for Roche Surety and Casualty Company, Inc. ("Roche"), became defendant's surety on a bail bond for this matter in the amount of $10,000. On or about January 14, 2015, defendant defaulted on his bond obligation when he failed to appear at a pretrial hearing. On January 20, 2015, the circuit court issued an order revoking defendant's release and forfeiting the bond. It served notice to

-1-

appellant via first-class mail. The certificate of mailing attached to the order stated that it was served on appellant on January 21, 2015, seven days after defendant's default, as required by MCL 765.28(1)[1]. However, appellant asserted that the notice was postmarked January 22, 2015, which was *eight* days after defendant's default, in violation of the statute. Moreover, appellant asserted that it was without "actual notice" of defendant's default and entry of the order until it received the notice in the mail on January 23, 2015.

Appellant failed to appear at a show cause hearing held on February 20, 2015. On February 24, 2015, the circuit court entered judgment against appellant for $10,000, the full amount of bail. Appellant was later notified that a 20 percent late fee had been added to its obligation as a result of its failure to timely pay the judgment, raising appellant's obligation to $12,000.

Appellant filed a motion to vacate the judgment of bond forfeiture, arguing that notice was not provided within seven days of defendant's default as required by MCL 765.28(1), so it was untimely. The court denied the motion on the grounds that notice was timely pursuant to MCR 3.604(I)(2)[2], and that the date of service of notice was January 21, 2015, as stated on the judgment's certificate of mailing, rather than January 22, 2015, the date that the notice was postmarked. The court also concluded that there was a conflict between MCR 3.604(I)(2) and MCL 765.28(1) as to "the procedural requirements for service," and that the court rule was controlling over the statute. The court's decision was based in part on a memorandum from the State Court Administrator's Office (SCAO), in which the SCAO concluded that the court rule controlled because the subject of the conflict was procedural in nature, citing *Donkers v Kovach*, 277 Mich App 366, 373; 745 NW2d 154 (2007). The court also concluded that the 20 percent late fee on the judgment was proper under MCL 600.4803(1) because the penalty was "separate" from the judgment, so the judgment was not for more than the "full amount of the surety bond" in violation MCL 765.28(1).

## II. STANDARD OF REVIEW

---

[1] MCL 765.28(1) provides in relevant part: "If default is made in any recognizance in a court of record, the default shall be entered on the record by the clerk of the court. After the default is entered, the court shall give each surety immediate notice not to exceed 7 days after the date of the failure to appear. The notice shall be served upon each surety in person or left at the surety's last known business address. Each surety shall be given an opportunity to appear before the court on a day certain and show cause why judgment should not be entered against the surety for the full amount of the bail or surety bond. If good cause is not shown for the defendant's failure to appear, the court shall enter judgment against the surety on the recognizance for an amount determined appropriate by the court but not more than the full amount of the bail, or if a surety bond has been posted the full amount of the surety bond."

[2] MCR 3.604(I)(2) provides: "Notice of the hearing on the motion for judgment must be given to the surety or the owner of the security in the manner prescribed in MCR 2.107. The notice may be mailed to the address stated in the bond or stated when the security was furnished unless the surety or owner has given notice of a change of address."

Questions of statutory interpretation are questions of law that are reviewed de novo. *In re McEvoy*, 267 Mich App 55, 59; 704 NW2d 78 (2005). Questions relating to the proper interpretation of court rules are also questions of law that are reviewed de novo. *Marketos v American Employers Insurance Co*, 465 Mich 407, 412; 633 NW2d 371 (2001). In interpreting a statute, we apply the rule of ordinary usage and common sense. *People v Kelly*, 186 Mich App 524, 528; 465 NW2d 569 (1990).

## III. STATUTE AND COURT RULE DO NOT CONFLICT

MCL 765.28(1) and MCR 3.604(I)(2) do not conflict. MCL 765.28(1) is the procedure for providing a surety notice of a default. MCR 3.604(I)(2), on the other hand, is the procedure to provide notice of a hearing on a motion for judgment. These are two separate and distinct events. A default must be entered prior to a hearing to enter judgment on the default. In any event, the court rule itself would resolve any conflict, if such a conflict otherwise exists. MCR 3.604(A) states that the "rule applies to bonds given under the Michigan Court Rules and the Revised Judicature Act, *unless* a rule *or statute* clearly indicates that a different procedure is to be followed" (emphases added). Therefore, even if MCL 765.28(1) set forth a procedure that affected the same event or subject addressed by the court rule, by the court rule's own terms the statute would still control.

## II. NOTICE OF DEFAULT WAS INEFFECTIVE

Service was not timely under MCL 765.28(1) or MCR 3.604(I)(2)[3]. Under MCL 765.28(1), a surety must receive immediate notice, "not to exceed seven days after the date of the failure to appear." However, the trial court did not even mail the notice until the eighth day. Under MCL 765.28(1), notice "shall be served upon each surety in person or left at the surety's last known business address." The word "shall" generally denotes a mandatory duty. *State Highway Comm v Vanderkloot*, 392 Mich 159, 180; 220 NW2d 416 (1974). Therefore, mailing the notice did not effectuate timely or proper service under MCL 765.28(1), the court was required to notify the surety in person or to leave the notice at the surety's last known business address.

In contrast, notice of the hearing on the motion to enter judgment against the surety was timely pursuant to MCR 3.604(I)(2). A notice of hearing was mailed by the court on January 22, 2015, for a hearing scheduled for February 20, 2015, which complies with the requirements in MCR 3.604(I)(2) and MCR 2.107(3). Nevertheless, although the surety clearly had proper notice of the motion to enter judgment, that does not obviate the fact the surety did not receive proper notice of the default itself.

---

[3] This rule directs us to MCR 2.107(3) as the procedure for service. MCR 2.107(3) states: "Mailing a copy under this rule means enclosing it in a sealed envelope with first class postage fully prepaid, addressed to the person to be served, and depositing the envelope and its contents in the United States mail. Service by mail is complete at the time of mailing." However, as noted by appellant, postage was not fully prepaid until January 22, 2015; therefore, service was not completed until January 22, 2015.

A similar issue was addressed *In re Forfeiture of Bail Bond*, 496 Mich 320; 852 NW2d 747 (2014). There, our Supreme Court found that MCL 765.28's purpose was to protect public interest, as well as the rights of third persons. Moreover, the difficulty that a surety might face in apprehending a defendant when the court fails to provide timely notice of the defendant's default increases with time. See *Forfeiture of Bail Bond*, 496 Mich at 334. As a remedy for this failure this court held:

> When a public entity does not perform its statutory obligations in a timely manner, and fails to respect the statutory preconditions to its exercise of authority, it lacks the authority to proceed as if it had. In this case, the consequence is that the court cannot require the surety to pay the surety bond because the court failed to provide the surety notice within seven days of defendant's failure to appear, as the statute clearly requires. Any other interpretation of the statute would render the seven-day notice requirement entirely nugatory. [*Id.* at 336]

Here, the court failed to give the surety immediate notice within seven days, therefore, the court cannot require the surety to pay the surety bond. We therefore reverse the trial court and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Peter D. O'Connell
/s/ Elizabeth L. Gleicher

-4-