*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* FORFEITURE OF BAIL BOND.

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DEVAUGHN JORDAN PRUITT,

        Defendant,

and

LEO'S BAIL BONDS AGENCY COMPANY, INC., as Agent in Fact of ROCHE SURETY AND CASUALTY COMPANY,

        Appellant.

UNPUBLISHED
February 11, 2020

No. 346748
Clinton Circuit Court
LC No. 2016-009647-FH

Before: BOONSTRA, P.J., and TUKEL and LETICA, JJ.

PER CURIAM.

Appellant, Leo's Bail Bonds, as agent in fact of Roche Surety and Casualty Company, appeals as of right the circuit court's order enforcing an earlier judgment on a bond in the amount of $10,000 against Leo's Bail Bonds. We reverse and remand for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

DeVaughn Jordan Pruitt was charged with one count of possession of counterfeit notes with intent to utter, MCL 750.252. Pruitt posted a $10,000 bond, which was executed by Leo's Bail Bonds. Pruitt failed to appear for hearings held on September 6, 2016, and September 7, 2016. In orders dated September 19, 2016, and entered on September 21, 2016, the circuit court issued a bench warrant for Pruitt's arrest, revoked Pruitt's bond, and ordered the bond forfeited.

These orders were mailed to Leo's Bail Bonds the day they were entered and received soon thereafter. The circuit court held a show-cause hearing on October 17, 2016. Leo's Bail Bonds was aware of this hearing but did not appear. On October 17, 2016, the circuit court entered a judgment in the amount of $10,000 on the bond. This judgment went unpaid for about two years. Pruitt was apprehended in 2018, at which point the prosecutor apparently realized that the 2016 judgment was never paid. On October 2, 2018, the prosecutor filed a motion seeking to enforce the 2016 judgment. The motion asked that Leo's Bail Bonds be ordered to pay the judgment or that the court hold Leo's Bail Bonds in contempt for failing to pay the earlier judgment.

Leo's Bail Bonds answered the motion by contending that pursuant to MCL 765.28(1), the circuit court was required to provide it with notice that Pruitt failed to appear within seven days of his nonappearance. Leo's Bail Bonds explained that notice was not provided by the trial court until the court entered and mailed its September 19, 2016 orders on September 21, 2016. That was approximately two weeks after Pruitt's nonappearance on September 6 and 7, and thus, the circuit court failed to comply with MCL 765.28(1). Leo's Bail Bonds argued that this failure rendered the judgment unenforceable. Leo's Bail Bonds also argued that the circuit court had no authority to hold a bond surety in contempt. The circuit court disagreed; it ordered that Leo's Bail Bonds pay the judgment within three days or face the possibility of contempt proceedings. This appeal followed.

## II. DISCUSSION

## A. JURISDICTION

As a preliminary matter, we must first address this Court's jurisdiction over the claim of appeal filed in this matter. This Court has jurisdiction over a claim of appeal filed from a "final judgment or final order of the circuit court . . . as defined in MCR 7.202(6) . . . ." MCR 7.203(A)(1). According to Leo's Bail Bonds, this Court's jurisdiction over this claim of appeal stems from MCR 7.202(6)(a)(*i*), which defines as a final order "the *first* judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties, including such an order entered after reversal of an earlier final judgment or order[.]" (emphasis added). The October 17, 2016 judgment on the bond meets this definition; it was the *first* judgment adjudicating the liability of Leo's Bail Bonds with respect to the bond. But Leo's Bail Bonds did not appeal that order. Rather, the order purportedly appealed from is one deciding a postjudgment motion to enforce the October 17, 2016 judgment. If anything, it is the *second* order disposing of all the claims and adjudicating the rights of all the parties, and is not appealable as of right. See *Allied Electric Supply Co v Tenaglia*, 461 Mich 285; 602 NW2d 572 (1999) (explaining that a default judgment is the final judgment appealable as of right, and that a later order denying a motion to set aside that default judgment is not a final judgment appealable as of right).

Pursuant to MCR 7.204(A)(1)(b), Leo's Bail Bonds could have filed a claim of appeal from the October 17, 2016 judgment if it had filed the claim within 21 days after entry of "an order deciding a motion . . . for other relief from" the October 17, 2016 judgment. But the order appealed in this case does not seek relief from the 2016 judgment; rather, the order appealed in this case was a motion to *enforce* the 2016 judgment. Further, MCR 7.204(A)(1)(b) applies only if the motion for relief from a judgment or order was brought within 21 days of the judgment or order being challenged, "or within further time the trial court has allowed for good cause during that 21-

-2-

day period[.]" Even construing the prosecutor's motion as one seeking "relief from" the underlying judgment, it was clearly not brought within 21 days of entry of the judgment, and as such, would not allow this Court to reach back to the 2016 judgment. Leo's Bail Bonds thus had no right to claim an appeal in this matter, and as such, this Court lacks jurisdiction over the claim of appeal that was filed. However, as this Court has done in the past, see, e.g., *Waatti & Sons Electric Co v Dehko*, 230 Mich App 582, 585; 584 NW2d 372 (1998), we exercise our discretion to rectify this defect by treating the claim of appeal as an application for leave to appeal and granting it.

## B. NOTICE UNDER MCL 765.28

The first question posed on appeal is whether the circuit court could enforce its 2016 judgment even though it did not comply with the notice requirement of MCL 765.28. We agree with Leo's Bail Bonds, and hold that the circuit court had no authority to compel payment in this case. "Questions of statutory interpretation are questions of law that are reviewed de novo." *In re Bail Bond Forfeiture (People v Stanford)*, 318 Mich App 330, 334; 898 NW2d 226 (2016).

We begin with the language of MCL 765.28 applicable in 2016, when Pruitt absconded, his bond was forfeited, and a judgment was entered on the bond. At that time MCL 765.28 provided in relevant part:

> (1) If default is made in any recognizance in a court of record, the default shall be entered on the record by the clerk of the court. *After the default is entered, the court shall give each surety immediate notice not to exceed 7 days after the date of the failure to appear. The notice shall be served upon each surety in person or left at the surety's last known business address.* Each surety shall be given an opportunity to appear before the court on a day certain and show cause why judgment should not be entered against the surety for the full amount of the bail or surety bond. If good cause is not shown for the defendant's failure to appear, the court shall enter judgment against the surety on the recognizance for an amount determined appropriate by the court but not more than the full amount of the bail, or if a surety bond has been posted the full amount of the surety bond. If the amount of a forfeited surety bond is less than the full amount of the bail, the defendant shall continue to be liable to the court for the difference, unless otherwise ordered by the court. Execution shall be awarded and executed upon the judgment in the manner provided for in personal actions. [MCL 765.28, as enacted by 2004 PA 332 (emphasis added).]

In *In re Forfeiture of Bail Bond (In re Gaston)*, 496 Mich 320; 852 NW2d 747 (2014), our Supreme Court concluded that the term "shall" established a mandatory directive that trial courts provide the notice required by the statute. *Id.* at 325-335. The Court further concluded that the remedy for a court's failure to provide the required notice was that the court could not "require the surety to pay the surety bond . . . ." *Id.* at 336.

At the time Pruitt failed to appear, the version of MCL 765.28(1) in effect was that enacted by 2004 PA 332—the same statutory language which was at issue in *Gaston*. Thus, it cannot be disputed that if the circuit court failed to provide Leo's Bail Bonds notice of Pruitt's default within

seven days as was required by MCL 765.28(1), the circuit court was without authority to compel Leo's Bail Bonds to pay the bond. *Gaston*, 496 Mich at 325-336. The default that led to forfeiture of Pruitt's bond occurred on September 7, 2016. There is no evidence that the circuit court notified anyone of the default within the following seven days. Rather, the record shows that the circuit court first provided notice of the default when it mailed three orders to Leo's Bail Bonds in an envelope bearing a postmark of September 21, 2016. Simply put, the circuit court's notice was not timely, and thus under *Gaston* the circuit court was without authority to require payment on the bond.

However, the procedure of the present matter is somewhat different from that in *Gaston*. In *Gaston*, the defendant failed to appear at a February 7, 2008 conference. *Gaston*, 496 Mich at 324. But it was not until three years later, on February 8, 2011, that the trial court notified the surety that it was to appear at a show-cause hearing to demonstrate why a judgment on the bond should not enter. *Id*. In response to this notice, the surety filed a motion to set aside the bond forfeiture based on a lack of timely notice of the default under MCL 765.28(1). The trial court denied the motion and entered a judgment. *Gaston*, 496 Mich at 324. Thus, in *Gaston*, the surety contested payment before the judgment on the bond was entered, and appealed directly from the circuit court's judgment on the bond.

In the present case, it is undisputed that Leo's Bail Bonds had notice from the circuit court of Pruitt's default soon after September 21, 2016, when the circuit court's orders were mailed to Leo's Bail Bonds. Further, Leo's Bail Bonds was on notice of the show-cause hearing set for October 17, 2016. But it nevertheless failed to appear at the hearing and a judgment entered. Some two years later, Leo's Bail Bonds has now essentially sought to have that judgment set aside. Thus, unlike *Gaston*, where the surety raised the lack of notice in an attempt to prevent entry of a judgment on the bond, here Leo's Bail Bonds attempts to have the judgment declared a nullity two years after it was entered.

This Court has addressed a somewhat similar fact pattern—also involving a bond provided by Leo's Bail Bonds—in *Stanford*. In *Stanford*, Leo's Bail Bonds, as agent for Roche, provided a bond to Antoine Stanford in the amount of $10,000. *Stanford*, 318 Mich App at 332. Stanford failed to appear at a pretrial hearing and thus defaulted on the bond on January 14, 2015. *Id*. "On January 20, 2015, the circuit court issued an order revoking [Stanford]'s release and forfeiting the bond. The court served notice to appellant via first-class mail." *Id*. at 332-333. A certificate of mailing indicated that the notice was served on January 21, 2015, the seventh day after Stanford's default. *Id*. at 333. But the notice was postmarked January 22, 2015, the eighth day after the default. *Id*. Further, the notice was not received in the mail until January 23, 2015. *Id*.

Just as in the present matter, Leo's Bail Bonds failed to appear at a show-cause hearing held on February 20, 2015. *Stanford*, 318 Mich App at 333. The circuit court entered a judgment on the bond for $10,000 on February 24, 2015. *Id*. The court later notified Leo's Bail Bonds that a 20% late fee had been added. *Id*. Only after receiving that notice did Leo's Bail Bonds move "to vacate the judgment of bond forfeiture, arguing that notice was not provided within seven days of [Stanford]'s default as required by MCL 765.28(1) and therefore was untimely." *Stanford*, 318 Mich App at 333. The motion was denied; the circuit court reasoned that the notice was served on January 21, 2015, and that pursuant to MCR 3.604(I)(2), the date of mailing was the date of service. *Stanford*, 318 Mich App at 333-334. The circuit court further held that MCR 3.604(I)(2) and MCL

765.28(1) were in conflict regarding " 'the procedural requirements for service' and that the court rule was controlling over the statute." *Stanford*, 318 Mich App at 334.

This Court reversed. This Court first explained that the court rule and statute were not in conflict. *Stanford*, 318 Mich App at 335. This was because MCL 765.28(1) set forth the procedure for providing notice to a surety of a default, while MCR 3.604(I)(2) mandated the procedure for providing notice of the hearing on a motion for judgment. *Id*. This Court also explained that if there was any conflict, it would be resolved by MCR 3.604(A), which provides that MCR 3.604 applies unless a rule or statute clearly states that a different procedure should be followed. *Id*. This Court then explained that the circuit court had failed to provide notice of the defendant's default within seven days; rather, notice was "not even mail[ed]" by the circuit court until the eighth day after the default. *Id*. at 335-336. This Court relied on *Gaston* to conclude that the remedy for violation of the notice statute was that the circuit court could not require the surety to pay the bond. *Id*. at 336-337. Thus, the upshot of *Stanford* is that even if the surety waits until after the judgment is entered to raise a challenge to the receipt of notice under MCL 765.28(1), the remedy is the same as in *Gaston*: the court cannot compel payment on the bond.

The circuit court's failure to timely notify Leo's Bail Bonds of Pruitt's default means that the court could not demand payment on the bond. *Gaston*, 496 Mich at 336; *Stanford*, 318 Mich App at 336-337. Despite the fact that Leo's Bail Bonds waited for two years after the judgment on the bond was entered to challenge the judgment, we are bound by *Stanford* to hold that the judgment cannot be enforced. As this Court stated in *Stanford*, "the court failed to give the surety immediate notice within seven days; therefore, the court cannot require the surety to pay the surety bond." *Stanford*, 318 Mich App at 337.

## C. CONTEMPT

Leo's Bail Bonds asks this Court to hold that the circuit court lacks the authority to hold it in contempt. Given our conclusion that the judgment on the bond cannot be enforced, we need not reach this issue. The only reason Leo's Bail Bonds might face contempt proceedings would be if it failed to pay an enforceable judgment. As the judgment cannot be enforced, the circuit court has no basis for holding Leo's Bail Bonds in contempt.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Jonathan Tukel
/s/ Anica Letica

-5-