*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SCOTT REDMOND,

UNPUBLISHED
May 6, 2021

Plaintiff-Appellant,

v

No. 349683
Macomb Circuit Court
LC No. 2016-004272-NO

SPRING LOADED I, LLC, and SPRING LOADED
III, LLC,

Defendants,

and

SPRING LOADED II, LLC, doing business as
AIRTIME TRAMPOLINE-STERLING HEIGHTS,

Defendant-Appellee.

Before: GLEICHER, P.J., and K. F. KELLY and RIORDAN, JJ.

PER CURIAM.

In this tort action, plaintiff appeals as of right the circuit court's order granting summary disposition in favor of defendant, Spring Loaded II, LLC (Spring Loaded II), under MCR 2.116(C)(10).[1] We affirm.

## I. FACTS & PROCEDURAL HISTORY

Plaintiff, a 47 year-old, 275 pound man, sustained a severe ankle injury while jumping on a trampoline at a facility owned and operated by Spring Loaded II. Plaintiff's injury was captured on a surveillance camera. Spring Loaded II's trampoline court facility is a large room filled with

---

[1] Spring Loaded I, LLC, Spring Loaded II, LLC, and Spring Loaded III, LLC are separate franchises of an entity named Airtime International, and are owned by the parent company Spring Loaded LLC. Spring Loaded I, LLC and Spring Loaded III, LLC were dismissed from the case below and are not part of this appeal.

trampolines that are connected to one another by padded frames. Plaintiff's injury occurred as he attempted to jump from one trampoline to another. He gained momentum to hurdle a two-foot-wide section of padding by jumping near the edge of the trampoline. In doing so, his ankle buckled and he fell onto the trampoline. Although he was in close proximity to the padding, it does not appear that he touched the padding when he landed.

Plaintiff sought to recover damages from Spring Loaded II under a negligence theory and for Spring Loaded II's alleged failure to comply with the Trampoline Court Safety Act, MCL 691.1731 *et seq*. After engaging in discovery, Spring Loaded II filed a motion for summary disposition under MCR 2.116(C)(10). The circuit court granted Spring Loaded II's motion and this appeal followed.

## II STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *Id*. at 160. When considering a motion under MCR 2.116(C)(10), the trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion. *Id*. "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *Id*. (citation omitted). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (citation and quotation marks omitted).

## III. ANALYSIS

The circuit court properly granted Spring Loaded II's motion for summary disposition under MCR 2.116(C)(10).

## A. THE TRAMPOLINE COURT SAFETY ACT

Plaintiff argues that summary disposition was inappropriate because there were genuine issues of material fact regarding whether Spring Loaded II violated the Trampoline Court Safety Act and whether the alleged violations caused plaintiff's injury.[2] We disagree.

---

[2] Plaintiff argues in his reply brief that the issue of causation was not properly before the circuit court because it was not raised by Spring Loaded II when seeking summary disposition. We disagree. Under MCR 2.116(G)(4), "[a] motion under subrule (C)(10) must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact." Spring Loaded II addressed the issue of proximate cause in its April 17, 2019 supplemental brief in support of its motion for summary disposition. Specifically, Spring Loaded II rebutted the opinion of plaintiff's expert that Spring Loaded II's failure to develop and communicate weight restrictions contributed to plaintiff's injuries. Spring Loaded II argued that the expert's opinion regarding causation was mere speculation and plaintiff's injury was caused solely by plaintiff's improper landing technique rather than any alleged violation of the Trampoline Court Safety Act.

The Trampoline Court Safety Act prescribes duties and liabilities of trampoline court operators and individuals who use trampoline courts. MCL 691.1737 provides that "[a] trampoliner, spectator, or operator who violates this act is liable in a civil action for damages for the portion of the loss or damage that results from the violation." Thus, in order to recover under MCL 691.1737, a party must establish both a violation of the Trampoline Court Safety Act and causation. Under MCL 691.1733(b), a trampoline court operator shall "[c]omply with the safety standards specified in ASTM[3] F2970-13, 'Standard Practice for Design, Manufacture, Installation, Operation, Maintenance, Inspection and Major Modification of Trampoline Courts' published in 2013 by the American society for testing and materials."

Plaintiff argues that a reasonable trier of fact could find that Spring Loaded II's failure to develop and communicate patron size restrictions to employees and patrons violated ASTM F2970-13 §§ 6, 9.1, 16.21, 16.22, and A.1.1.4 as well as ASTM F770-11 §§ 4.2 and 4.2.1, thereby causing plaintiff's injury. However, ASTM F2970-13 § 6 applies only to "designers/engineers or manufacturers" of trampolines and § A.1.1.4 applies only to manufacturers. Spring Loaded II is an operator of a trampoline court facility and plaintiff presented no evidence that Spring Loaded designed or manufactured the trampoline.

ASTM F2970-13 § 9.1 requires trampoline manufacturers to furnish operating and maintenance information to trampoline court operators, and ASTM F2970-13 § 9.2 requires trampoline court operators to permanently affix the operating and maintenance information in a visible location in the trampoline court. ASTM F2970-13 § 9.2.5 requires the operating and maintenance information to include the "[m]aximum total patron weight per trampoline bed and per trampoline court." Spring Loaded II conceded that the information plate was not posted in the trampoline court facility, and explained that the omission was due to the manufacturer's failure to provide an information plate for that trampoline. However, even if a reasonable trier of fact could find that Spring Loaded II violated ASTM F2970-13 § 9.1 by failing to post the information plate, no reasonable trier of fact could find that the omission caused plaintiff's injury. Under ASTM F2970-13 § 6.8.3, trampoline manufacturers are generally required to design trampolines that are able to support users weighing 300 pounds and plaintiff testified in his deposition that he weighed approximately 275 pounds on the date of his injury. Thus, plaintiff would not have been informed that he exceeded the maximum user weight even if the information plate had been posted. Moreover, plaintiff failed to present any evidence that he would not have used the trampolines if the information plate had been posted.[4]

---

[3] ASTM is an acronym for the American Society for Testing and Materials.

[4] Although plaintiff stated in an affidavit that he would not have used the trampolines if he had been warned about the increased risk of injury associated with higher weight, plaintiff's affidavit was filed as part of plaintiff's motion for reconsideration after the circuit court granted summary disposition in favor of Spring Loaded II. When reviewing an order granting or denying summary disposition, we consider only the evidence that was properly presented to the trial court in deciding the motion. *Village of Edmore v Crystal Automation Sys Inc*, 322 Mich App 244, 262; 911 NW2d 241 (2017). We will not consider evidence on appeal that was first presented in a subsequent

ASTM F2970-13 § 16.21 provides that the operator of a trampoline court facility "may deny entry to the device to any person, if in the opinion of the owner/operator the entry may cause above normal exposure to risk of discomfort or injury to the person who desires to enter . . . ." ASTM F2970-13 § 16.22 provides that "[t]rampoline court attendants should be given guide[]lines on the special considerations concerning patron size, and patrons with physical or mental disabilities or impairments . . . ." However, the word "may" indicates that ASTM F2970-13 § 16.21 is a discretionary provision and does not require trampoline court operators to deny entry to individuals that may have above normal exposure of risk to discomfort or injury. Moreover, plaintiff presented no evidence that any employees at Spring Loaded II believed plaintiff to be at an above normal risk of injury and considered exercising their discretion to deny entry to plaintiff. Furthermore, although Spring Loaded II should have given trampoline court attendants guidelines on the special considerations concerning patron size, ASTM F2970-13 § 16.22 did not require Spring Loaded II to do so in the instant matter. See *In re Forfeiture of Bail Bond*, 496 Mich 320, 328; 852 NW2d 747 (2014) (noting that the significance of a statutory amendment changing "should" to "shall" is that the statute becomes mandatory). Therefore, no reasonable trier of fact could find that Spring Loaded II violated ASTM F2970-13 §§ 16.21 or 16.22 by not advising its attendants regarding any risks associated with a 275 pound patron. In addition, the language in ASTM F770-11 §§ 4.2 and 4.2.1 is almost identical to the language in ASTM F2970-13 §§ 16.21 and 16.22, and therefore, that plaintiff's arguments with respect to those provisions fail for the same reasons.

Plaintiff next argues that a reasonable trier of fact could find that Spring Loaded II violated ASTM F2970-13 §§ 6.1 and 14.2, as well as ASTM F770-11 §§ 4.1, 8.1, and 8.3, by failing to develop and communicate information regarding the risks associated with jumping near the edge of the trampoline bed or the risks associated with jumping from one trampoline to another, thereby causing plaintiff's injury. We disagree.

ASTM F2970-13 § 6.1 applies to designers, engineers, and manufacturers of trampolines, and as previously stated, plaintiff presented no evidence that Spring Loaded II was anything other than an operator of a trampoline facility. Additionally, ASTM F2970-13 § 14.2 requires trampoline court owners and operators to "notify the appropriate manufacturer(s) of any known incident as specified in Practice F770-11 Section 8.3." F770-11 § 8.3 requires notification of incidents that result in a serious injury within seven days of the occurrence of the incident and incorporates F770-11 § 8.1, which states that owners and operators should complete an incident report including information regarding the injury. The use of the word "should" indicates that completing an incident report in accordance with F770-11 § 8.1 is discretionary. See *In re Forfeiture of Bail Bond*, 496 Mich at 328 (noting that the significance of a statutory amendment changing "should" to "shall" is that the statute becomes mandatory). Additionally, Spring Loaded II's obligation to notify the manufacturer of plaintiff's injury could not have arisen until after plaintiff's injury occurred. Thus, even assuming Spring Loaded II failed to notify the trampoline manufacturer of plaintiff's injury, no reasonable trier of fact could find that the failure to do so caused plaintiff's injury. Similarly, F770-11 § 4.1 requires owners and operators to "read and

---

motion for reconsideration. *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 474 n 6; 776 NW2d 398 (2009). Thus, we do not consider plaintiff's affidavit here.

become familiar with the contents of the manufacturer's recommended operating instructions and specifications, when received[,]" and to prepare an "operating fact sheet" that shall be made available to trampoline court attendants. F770-11 § 4.1 does not mandate providing any information to patrons, and plaintiff failed to present any evidence that the manufacturer's recommended operating instructions addressed an increased risk associated with jumping near the edge of a trampoline or jumping from one trampoline to another. Thus, no reasonable trier of fact could find that Spring Loaded II's alleged failure to provide an operating fact sheet to trampoline court attendants caused plaintiff's injury.

## B. DUTY TO WARN

Plaintiff argues that there is a genuine issue of material fact regarding whether Spring Loaded II breached its duty to warn plaintiff of the risks associated with jumping on a trampoline at higher weights or the risks associated with jumping from one trampoline to another. We disagree.

MCL 691.1736 provides:

> An individual who participates in trampolining accepts the danger that inheres in that activity insofar as the dangers are obvious and necessary. Those dangers include, but are not limited to, injuries that result from collisions with other trampoliners or other spectators, injuries that result from falls, injuries that result from landing on the trampoline, pad, or platform, and injuries that involve objects or artificial structures properly within the intended travel of the trampoliner that are not otherwise attributable to the operator's breach of his or her common[-]law duties.

The surveillance video shows that plaintiff's injury occurred just before he attempted to jump from one trampoline to another. Plaintiff jumped on the trampoline in order to gain momentum to traverse a small section of padded frame that joined the two trampolines. While jumping near the padded section, but before traversing the frame, plaintiff's ankle buckled and he fell onto the trampoline. Based upon the surveillance video, there is no genuine issue of material fact regarding whether plaintiff accepted the inherent danger of sustaining an injury from landing on the trampoline or trampoline pad. Accordingly, plaintiff cannot recover unless his injury was otherwise attributable to Spring Loaded II's breach of its common-law duties. MCL 691.1736.

Plaintiff contends that product sellers have a duty to transmit safety-related information when they know or should know that the buyer or user is unaware of the information, and this duty may be attributed to a successor in possession of the product. Plaintiff posits that Spring Loaded II had a duty to transmit safety-related information to its patrons regarding the increased risks associated with patron weight and jumping from one trampoline to another because Spring Loaded II was a successor in possession of trampolines. In support of this premise, plaintiff relies upon *Foster v Cone-Blanchard Mach Co*, 460 Mich 696, 707; 597 NW2d 506 (1999), in which our Supreme Court held that "in certain circumstances a successor may have an independent duty to warn a predecessor's customer of defects in a predecessor's product." However, plaintiff failed to present any evidence that there were defects in the trampoline, and therefore, plaintiff's reliance

on *Foster* is misplaced. Thus, there is no genuine issue of material fact regarding whether Spring Loaded II had a duty to warn in this regard.

Moreover, there is no genuine issue of material fact regarding causation because plaintiff failed to present any evidence that he would not have used the trampolines if he had been warned about the increased risk of injury associated with higher weight or jumping from one trampoline to another.[5]

## IV. CONCLUSION

The circuit court properly granted Spring Loaded II's motion for summary disposition under MCR 2.116(C)(10). Accordingly, we affirm.

/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan

---

[5] Although plaintiff stated in an affidavit that he would not have used the trampolines if he had been warned about the increased risks, plaintiff's affidavit was filed after the circuit court granted summary disposition in favor of Spring Loaded II. Thus, we will not consider it in this appeal. *Village of Edmore*, 322 Mich App at 262; *Innovative Adult Foster Care, Inc*, 285 Mich App at 474 n 6.