*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

STEPHAN MICHAEL BROWNING,

Defendant-Appellant.

UNPUBLISHED
March 5, 2019

No. 341963
Grand Traverse Circuit Court
LC No. 17-012741-FH

Before: M. J. KELLY, P.J., and SERVITTO and BOONSTRA, JJ.

PER CURIAM.

Defendant, Stephan Michael Browning, appeals as of right his jury trial convictions of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84, and domestic violence, MCL 750.81(2). The trial court sentenced defendant to 12 months in jail for the AWIGBH conviction and time served on the domestic violence conviction. We affirm in part and remand in part.

Defendant and the victim were in a dating relationship and lived together for a period of time. They ended their relationship in October of 2016, but began seeing each other casually again in June of 2017. In June of 2017, defendant took a taxi to the victim's house in the early morning hours. The victim offered to drive defendant back to his house and, on the way, defendant became upset, grabbed the victim by her hair, and slammed her head into the center console.

When they arrived at defendant's home, the victim declined defendant's requests that she stay the night with him and that he be allowed to go through her cell phone. Defendant became upset and began strangling the victim. Defendant then released her, removed the keys from the vehicle's ignition, and went into his house. While he was inside the house, the victim dialed 911 from her cell phone. Before she could speak with a 911 operator, defendant returned to the truck. He took her phone and hit her in the mouth. Defendant told her to go in his house and the victim complied, believing that defendant's roommate was home and would help her. When she got inside the home, she began yelling for help. Defendant told her to go back outside, and she complied. Defendant followed the victim and pushed her down the front porch stairs. They

struggled on the ground, and defendant again began to strangle the victim. The victim obtained her car keys from defendant, ran to her vehicle, and got inside. Defendant followed the victim and tried to again strangle the victim through the open driver's side door. The victim was able to shake off defendant and drive away. Police arrived shortly thereafter.

On appeal, defendant first argues that the trial court abused its discretion in excluding evidence that the victim was an adult film actress whose roles had involved choking, and in excluding evidence that the victim's ex-husband had pleaded guilty to AWIGBH by strangulation. We disagree.

A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *People v Unger*, 278 Mich App 210, 247; 749 NW2d 272 (2008). A trial court abuses its discretion when it chooses an outcome that is outside of the range of reasonable and principled outcomes. *People v Yost*, 278 Mich App 341, 353; 749 NW2d 753 (2008).

Defendant's treatment of these evidentiary issues on appeal is cursory at best. Defendant reiterates the testimony at trial and provides statements of the law. He then merely announces that the subject evidence was relevant and served to demonstrate the victim's motive, intent, scheme, or plan, and that the probative value of the evidence substantially outweighed the danger of undue prejudice. Defendant's "argument" is completely lacking in any meaningful legal analysis: defendant does not discuss *how* the evidence was relevant or explain its probative value, and he does not discuss *how* it demonstrated the victim's motive, intent, scheme, or plan. We have held many times:

> It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position . . . . Failure to brief a question on appeal is tantamount to abandoning it. [*People v Kevorkian*, 248 Mich App 373, 389; 639 NW2d 291 (2001) (citation omitted).]

Because defendant merely announces his position and fails to elaborate or provide any authority to support his position, we conclude that defendant has abandoned this issue on appeal.

Defendant next argues that the trial court erred in assessing him 10 points for offense variable (OV) 4, 15 points for OV 8, and 10 points for OV 10. We agree in part and disagree in part.

Questions of statutory interpretation are questions of law that this Court reviews de novo. *People v Gaston*, 496 Mich 320, 325; 852 NW2d 747 (2014). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *Id*. Preponderance of the evidence means that the evidence "when weighed with that opposed to it, has more convincing force and the greater probability of truth." *People v Cross*, 281 Mich App 737, 740; 760 NW2d 314 (2008) (citation omitted).

OV 4 addresses psychological injury to a victim. MCL 777.34(1). Ten points should be assessed for OV 4 if "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a). The statute does not require that the victim actually receive professional treatment in order to assess 10 points. MCL 777.34(2). However, "[t]here must be some evidence of psychological injury on the record to justify a 10-point score." *People v Lockett*, 295 Mich App 165, 183; 814 NW2d 295 (2012). A victim's expression of fearfulness during the commission of a crime "*by itself and without any other showing of psychological harm*" is not sufficient to justify assessing 10 points for OV 4. *People v White*, 501 Mich 160, 164; 905 NW2d 228 (2017). Moreover, "a court cannot merely assume that a victim has suffered a 'serious psychological injury' solely because of the characteristics of the crime." *Id*. at 165.

In this case, the trial court found that the victim suffered serious psychological injury requiring professional treatment based on representations that she has sought treatment at the Women's Resource Center (WRC) and the nature of the injuries. After a thorough review of the record on appeal, we were not able to find any evidence that the victim sought treatment at the WRC. We recognize that professional treatment is not actually required to support assessing 10 points for OV 4, but because the trial court relied on this treatment, we find it concerning that there is no evidence of it in the record. Moreover, the victim did not testify as to having feelings of fear, anxiety, or other psychological issues stemming from the attacks. She did not provide a victim impact statement, and she did not appear at sentencing to provide testimony. It is obvious that the victim suffered physical injuries from the events, but there was no evidence presented indicating that she suffered serious psychological injury requiring professional treatment. And, because "a court cannot merely assume that a victim has suffered a 'serious psychological injury' solely because of the characteristics of the crime," *id*, we conclude that the trial court abused its discretion in assessing 10 points for OV 4.

OV 8 addresses "victim asportation or captivity." MCL 777.38(1). The statute directs the trial court to assess 15 points for OV 8 if "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." MCL 777.38(1)(a).

In this case, the trial court assessed 15 points for OV 8 after finding that the victim had reluctantly driven defendant back to his home and that an assault took place during the ride. The trial court also noted that defendant tried to prevent the victim from leaving, by jumping on her vehicle, as she drove away. We are satisfied that there was evidence that supported the finding that defendant held the victim captive "beyond the time necessary to commit the offense." MCL 777.38(1)(a). Defendant strangled the victim twice during the incident. And, during that time, defendant took the victim's keys so she could not drive away, prevented her from fleeing to a neighbor's house, ordered her into his house, and attempted to stop her from driving away. We conclude that a preponderance of the evidence supported the trial's court's finding that defendant held the victim captive for longer than it took to commit the assault crime. Thus, we hold that the trial court did not err in assessing 15 points for OV 8.

Lastly, OV 10 addresses the "exploitation of a vulnerable victim." MCL 777.40(1). The statute directs the trial court to assess 10 points for OV 10 if "[t]he offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status." MCL 777.40(1)(b). We have concluded that *any*

type of dating relationship, past or present, does not meet the requirements for assessing 10 points for OV 10 under the domestic relationship clause. *People v Jamison*, 292 Mich App 440, 447; 807 NW2d 427 (2011). Rather, "to qualify as a 'domestic relationship,' there must be a familial or cohabitating relationship." *Id*. The existence of a past dating relationship, even if that past relationship included cohabitation, does not meet the standard required to assess 10 points for OV 10.

The trial court assessed 10 points for OV 10, focusing on the "domestic relationship" clause of MCL 777.40(1)(b). The trial court noted that defendant and the victim did not live together at the time of the crimes, but it found that they did cohabitate in the past, and that it was that cohabitation relationship that led defendant to commit the crimes. However, the evidence demonstrated that, although defendant and the victim did live together at one time, they were not living together at the time of the crime. They had not lived together since October 2016, and in fact, stopped seeing each other until June 2017. Because defendant and the victim had not lived together, or even been dating, for approximately eight months before he committed the crimes, we hold that the trial court erred in finding that there was a domestic relationship as that term is defined for purposes of MCL 777.40(1)(b) and in assessing 10 points for OV 10.

Defendant's OV score was 45 points – Level IV.[1] This score, along with defendant's PRV score of 10, indicated a guidelines range of 10 to 23 months. When the points for OV 4 and OV 10 are corrected, defendant's OV score is reduced to 25 points, putting him in Level III with a guidelines range of 5 to 23 months. The trial court sentenced defendant to 12 months' incarceration. Thus, the sentence was within the guidelines range, even accounting for the scoring errors. However, when there is an error in the scoring of the guidelines that changes the sentencing range, resentencing is required even if the given sentence would be within the corrected sentencing range. *People v Duenaz*, 306 Mich App 85, 112-113; 854 NW2d 531 (2014). Accordingly, resentencing is required.

Lastly, defendant argues that the trial court erred in assessing $350 in court costs without discussing its reasons for doing so. We agree.

Defendant did not object to the imposition of court costs when they were imposed. Accordingly, the issue is unpreserved for appeal. *People v Konopka*, 309 Mich App 345, 356; 869 NW2d 651 (2015). Unpreserved challenges to court costs are reviewed for plain error affecting the defendant's substantial rights. *Id*.; see also *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

The trial court's authority to impose court costs is outlined in MCL 769.1k, which states, in relevant part, that the trial court may impose "any cost reasonably related to the actual costs incurred by the trial court without separately calculating those costs involved in the particular case." MCL 769.1k(1)(b)(*iii*). Here, the trial court merely stated that it was imposing $350 in court costs. According to MCL 769.1k(1)(b)(*iii*), the trial court may impose such costs only if

---

[1] Defendant's Prior Record Variable (PRV) was scored at 10 points – Level C, and defendant does not challenge the scoring of any PRV's on appeal.

the costs were "reasonably related to the actual costs incurred by the trial court." In this case, appellate review of the trial court's imposition of the $350 court costs is not possible because the trial court did not state how the costs were "reasonably related to the actual costs incurred by the trial court" as required by MCL 769.1k(1)(b)(*iii*). Thus, a remand is necessary to allow the court "to establish a factual basis for the [$350] costs imposed . . . , or to alter that figure, if appropriate." *Konopka*, 309 Mich App at 359-360.

Affirmed in part and remanded in part for correction of the assessment of points for OV 4 and OV 10, for resentencing, and to establish a factual basis for the $350 costs imposed or to alter that figure, if appropriate. We do not retain jurisdiction.


/s/ Michael J. Kelly
/s/ Deborah A. Servitto
/s/ Mark T. Boonstra