PEOPLE v GORNBEIN

Docket No. 63540. Decided November 14, 1979. On motion by the people for clarification and for reconsideration, the Supreme Court reaffirmed that part of an order reinstating the defendant to bail, but vacated that part of the order referring to the court rule on bail, and explained the ground of decision.

Mark Gornbein, while on probation after conviction of third-degree criminal sexual conduct, was charged with first- and second-degree criminal sexual conduct. He was released on bail set at the preliminary examination, and bound over to circuit court for trial. After his release on bail, the Secretary of State certified that the electorate had approved an amendment of Const 1963, art 1, § 15, which allowed the denial of bail to a person charged with a violent felony committed while that person was on probation or parole on a prior conviction of a violent felony when the proof is evident or the presumption great. The people moved to revoke the defendant's bail, and the Oakland Circuit Court, Robert L. Templin, J., granted the motion. The Court of Appeals, Beasley and Cynar, JJ. (Danhof, C.J., dissenting), denied the defendant's motion to review (Docket No. 46134) and the defendant applied for leave to appeal to the Supreme Court. The Supreme Court, in lieu of granting leave to appeal, reversed the order of the circuit court and ordered the original bond reinstated. In a *per curiam* opinion, the Court explained its decision:

1. In its original order in this case, the Court referred to GCR 1963, 790. That reference was inappropriate, because the rule as presently worded was based on the constitution before its amendment, and a proposed amendment of the rule to bring it into conformity with the constitutional amendment is being considered.

2. As a general rule, constitutional amendments operate prospectively and not retroactively, particularly where the constitutional amendment would affect a substantive right. At the time the defendant was releasd on bond he had a constitutional right to be admitted to bail provided the conditions for admission to bail were met; he met the conditions and was

admitted to bail. The new criteria for admission to bail set forth in the constitutional amendment should not have been applied in these proceedings to determine whether bail should be revoked, since it was not even alleged that the defendant's situation had changed at all; only the criteria for release on bond had changed. To apply the new criteria of the constitutional amendment to this defendant would be fundamentally unfair.

The order of the trial court is reversed, and bond ordered reinstated.

*L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Lawrence J. Bunting,* Assistant Prosecuting Attorney, for the people.

*N. C. Deday LaRene* for defendant.

PER CURIAM. On August 30, 1979, this Court issued the following order in this matter:

"On order of the Court, the motion for immediate consideration is considered, and it is granted.

"The application for leave to appeal is considered and, in lieu of leave to appeal, we reverse and vacate the trial court order of July 13, 1979, revoking defendant's pretrial release bond, and we hereby order the original bond reinstated. The trial court erred by revoking defendant's bond. The recent amendment of Const 1963, art 1, § 15 does not alter GCR 1963, 790. That court rule continues to be controlling in pretrial release matters, and pursuant to GCR 1963, 790.1 the defendant in this case is entitled to bail.

"COLEMAN, C.J., not participating."

The people have filed a motion regarding this order which is entitled a "Motion for Explanation and/or Clarification, and/or Motion for Reconsideration". We have decided to grant the motion.

I

The defendant, while on probation for a prior conviction of third-degree criminal sexual conduct, was charged with new criminal offenses, namely first- and second-degree criminal sexual conduct. On December 10, 1978, the defendant was arraigned in district court on the new charges. Pretrial release bond was set at $2,000/10%. The defendant posted it and was released.

The defendant was free during the subsequent legal proceedings which included binding over to circuit court for trial on the new charges.

However, on July 12, 1979, a hearing was conducted in the Oakland Circuit Court on the people's motion to revoke the defendant's bond. The thrust of the people's motion was that the new amendment to Const 1963, art 1, § 15, effective after the date of the defendant's release on bond, warranted revocation of the bond. In particular, the people argued that the defendant's bond should be revoked because of the following provision contained in the constitutional amendment:

"All persons shall, before conviction, be bailable by sufficient sureties, except that bail may be denied the following persons when the proof is evident or the presumption great:

\* \* \*

"(d) A person who is indicted for, or arraigned on a warrant charging, a violent felony which is alleged to have been committed while the person who was on bail, pending the disposition of a prior violent felony charge or while the person was on probation or parole as a result of a prior conviction for a violent felony." Const 1963, art 1, § 15(d).

The circuit judge agreed with the people that

the defendant came within the ambit of the constitutional amendment. The circuit judge also rejected the argument of the defendant that the provisions of the amendment, effective after the defendant had been released on bond, should not be applied retroactively in an effort to revoke that bond.

The defendant unsuccessfully sought leave to appeal to the Court of Appeals.

Upon application for leave to appeal to this Court, we issued the aforementioned order.

## II

Upon further reflection we have concluded that the last two sentences of our prior order should be vacated. We are considering and will publish for comment a proposed amendment to GCR 1963, 790 to bring the court rule into conformity with the constitutional amendment. GCR 1963, 790 as presently constituted, was based upon Const 1963, art 1, § 15 as it existed before the recent amendment.

However, the argument originally advanced by the defendant in his application for leave to appeal must now be addressed. The defendant has steadfastly maintained that applying the constitutional amendment to him was to apply it retroactively in violation of art I, § 10 of the Constitution of the United States.

The people's response to this argument is that issues pertaining to bond are governed by the law existing at the time of the "bond hearing". Therefore, according to the people, since the constitutional amendment was in effect at the time of the bond revocation hearing, the provisions of that amendment which set forth criteria under which

bail may be denied to an individual were appropriately applied here.

We conclude that to apply the new criteria of the constitutional amendment concerning release on bond to this defendant would be fundamentally unfair. The defendant was already free on bond at the time the amendment became effective. It was not even alleged that the defendant's situation had changed at all. Only the criteria for release on bond had changed.

At the time the defendant was released on bond he had a constitutional right to be admitted to bail provided the conditions for admission to bail were met. The defendant met those conditions and was admitted to bail. The new criteria for admission to bail, set forth in the constitutional amendment, should not have been applied in these proceedings, which were proceedings to determine whether the admission to bail should be revoked, since there was no allegation that the defendant's situation had changed at all.

As a general rule, constitutional amendments operate prospectively and not retroactively. This is particularly so where the constitutional amendment would affect a substantive right. See 16 CJS, Constitutional Law, § 40, pp 121-122, and *Toole v State Board of Dentistry,* 300 Mich 180; 1 NW2d 502 (1942); *City of Lansing v Michigan Power Co,* 183 Mich 400; 150 NW 250 (1914).

Accordingly, we reaffirm that portion of our order of August 30, 1979, which ordered that the defendant's original bond be reinstated. However, we vacate that portion of our previous order which discussed the interrelationship between the amendment of Const 1963, art 1, § 15 and GCR 1963, 790.

COLEMAN, C.J., and KAVANAGH, WILLIAMS,

LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR.,
JJ., concurred.