*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

REGINALD LAMARR DAVIS,

Defendant-Appellee.

FOR PUBLICATION
April 22, 2021
9:15 a.m.

No. 354927
Wayne Circuit Court
LC No. 20-002814-01-FC

Before: FORT HOOD, P.J., and GADOLA and LETICA, JJ.

GADOLA, J.

This case returns to this Court from our Supreme Court, as on reconsideration granted, for consideration of the question whether MCL 765.5 conflicts with MCR 6.106(B)(1), and if so, whether the statute prevails over the court rule. We conclude that the statute conflicts with the court rule, but also conflicts with Const 1963, Art 1, § 15. By contrast, MCR 6.106(B)(1) is in accordance with Const 1963, Art 1, § 15. In light of these determinations, we follow the directive of the Supreme Court and, under MCR 6.106(H)(1), reach the question whether the trial court abused its discretion by granting defendant's request for pretrial release. Because we conclude that the trial court did not abuse its discretion, we affirm the order of the trial court granting defendant pretrial release.

## I. FACTS

This case arises from the prosecution's allegations that on April 16, 2020, defendant participated in a drive-by shooting that resulted in the death of Mario Tillmon, who died from multiple gunshot wounds. At the preliminary examination, Tillmon's girlfriend, Carlina Treadwell, testified that she was at home with Tillmon on that day. After Tillmon left to walk to the store, Treadwell heard gunshots coming from directly in front of her house. She testified that looking out the window, she saw Tillmon running away from a black SUV from which gunshots were being fired. Treadwell saw four people inside the SUV, and testified that she had seen the driver before. At the preliminary examination, she identified defendant as the driver. Treadwell's house had video cameras recording at the time of the shooting; during the preliminary examination Treadwell identified certain aspects of the shooting in the video. On cross-examination, Treadwell

-1-

explained some discrepancies in her testimony; she explained that she had been hysterical at the time of the shooting, but confirmed that at the scene she told police that she saw who shot Tillmon.

At the conclusion of the preliminary examination, defendant was bound over on charges of first-degree murder, MCL 750.316, possession of a firearm during the commission of a felony (felony firearm), MCL 750.227b, and as a fourth-offense or subsequent violent felony offender, MCL 769.12(1)(a). After defendant was arraigned, he moved before the trial court to be released on bond while he awaited trial. Defendant argued that the likelihood of his conviction was not strong because no physical evidence linked him to the shooting, and Treadwell's testimony was inconsistent. At the hearing on the motion, the trial court granted defendant conditional bond. The trial court reasoned:

> So I want to start off by—at a very basic level, determining what law applies to my decision in this case and the People cited the constitutional provision of MCL 765.5 which states, no person charged with treason or murder shall be admitted to bail if proof of his guilt is evident or the presumption is great, and the defense has cited various subsections of MCR 6.106 which is very well known to govern bond considerations.

> However, I would note that 6.106 is really just the Michigan Supreme Court's interpretation of the constitution and given that the Michigan Supreme Court promulgates the rules I think that I'm on pretty solid ground in making that statement.

> I don't believe that 765.5 applies in this case—well, I should say that it shouldn't supersede the court rule only because, although it is a constitutional provision, the court rules were promulgated by the Michigan Supreme Court and the Michigan Supreme Court is the final arbiter of Michigan's constitution.

> So [I am] going to focus my analysis to 6.106 because that's what the Supreme Court intended. I would add, just as a side note, 765.5 requires that a person charged with murder should not be admitted bail unless proof of his guilt is evident or the presumption is great. I'm not really sure that that particular provision . . . would satisfy the requirements of the United States constitution because it seems to shift the burden of proof, but that's just an aside.

> It's confusing to me how someone can be cloaked with the presumption of innocence and then a finding be made that the presumption of his or her guilt is great. So we're going to focus on 6.106. I do not agree, . . . [counsel] that the issue of the complaining witness Miss Treadwell's credibility being the basis for the argument that there's not a high likelihood of [success at] trial, is the factor that I should consider most weighted-ly—and forgive me if I just made up a word—and I'm going to back up just a minute because 6.106 states that the Court may remand if someone is charged with murder and so I do agree, as was in the defense brief, that the default or the presumption is that someone will get bond, but that might be even if they are charged with murder because [MCR] 6.106(B)(1)(a) does say that the Court may deny pretrial release.

So I believe that the Supreme Court in promulgating this rule didn't just assume that because someone is charged with murder that they would be denied bond. So going beyond the Court's ability to deny bond with that 'may' provision, I'm going to go . . . deeper into the rule and focus primarily on whether bond should be allowed.

\* \* \*

All right. So my analysis is that you give someone bond unless there's a very, very strong case made even if they are charged with murder, that neither the— neither the assurance that the Defendant will return, nor the assurance that the public will be safe, can be supported by the facts and even then, as is customary and it might be statutory in the federal courts, the presumption is that there will be bond only if no condition or combination of conditions can insure that the public will be safe and that the Defendant will return to court.

So I've already decided, as you've probably have already figured out, that I'm going to give [defendant] bond. . . .

The prosecution sought an emergency appeal to this Court, contending that the trial court granted defendant pretrial release without applying the correct standard. The prosecution argued that under the Michigan Constitution, MCL 765.5, and MCR 6.106, the trial court was required to determine whether the proof of defendant's guilt was evident or the presumption of his guilt was great before permitting modification of his bond. This Court vacated the trial court's order granting bond and remanded to the trial court with instructions that defendant be held without bond until trial.[1] Defendant sought leave to appeal in our Supreme Court, which vacated this Court's order and remanded to this Court "for consideration as on reconsideration granted."[2] This Court

---

[1] This Court's order provided, in part, that "[p]ursuant to MCR 7.205(E)(2), the September 24, 2020 order of the Wayne Circuit Court granting defendant bond hereby is VACATED. The record contains proof that defendant's guilt is evident or the presumption is great. MCR 6.106(B)(1)(a)(i). *People v Milosavleski*, 450 Mich 954; 544 NW2d 473 (1966). This matter is REMANDED; defendant is to be held without bond until trial." *People v Davis*, unpublished order of the Court of Appeals, entered September 25, 2020 (Docket No. 354927).

[2] The Supreme Court's order provided, in pertinent part:

The Court of Appeals erred in its analysis of the trial court's order granting the defendant's motion for pretrial release. The trial court acknowledged MCL 765.5, which provides that "[n]o person charged with treason or murder shall be admitted to bail if the proof of his guilt is evident or the presumption great." But the trial court declined to apply this statute based on its conclusion that MCR 6.106(B)(1)(a) gave it the discretion to grant bond regardless of the strength of the prosecution's case. Consequently, it did not determine whether "the proof of his guilt is evident or the presumption great." In the trial court's view, the statute conflicted with the court rule, and the court rule prevailed. This was the pivotal issue on appeal, but

thereafter granted the prosecution's application for leave to appeal and stayed further proceedings pending resolution of the appeal before this Court.[3]

## II. DISCUSSION

Our Supreme Court has directed us to determine whether MCL 765.5 conflicts with MCR 6.106(B)(1), and if so, whether the statute prevails over the court rule. In considering this question, we find it necessary to consider Const 1963, art 1, § 15, as well as the statute and court rule. We review de novo questions of constitutional law. *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). Similarly, the proper application and interpretation of statutes and court rules raise questions of law that this Court reviews de novo. *People v Comer*, 500 Mich 278, 287; 901 NW2d 553 (2017).

Under Michigan law, before conviction a defendant is, with certain exceptions, entitled as a matter of constitutional right to have reasonable bail established for pretrial release. Const 1963, art 1, § 15; *People v Giacalone*, 16 Mich App 352, 354; 167 NW2d 871 (1969) (discussing previous language of the constitutional provision).[4] See also MCL 765.6 ("Except as otherwise

---

the Court of Appeals failed to address it. Instead, the Court of Appeals usurped the trial court's role and made its own determination that "the proof of his guilt is evident or the presumption great." MCL 765.5.

We DIRECT the Court of Appeals to address whether MCL 765.5 conflicts with MCR 6.106(B)(1) and, if it does, whether the statute prevails over the court rule. See, e.g., *People v Watkins*, 491 Mich 450 (2012); *McDougall v Schanz*, 461 Mich 15 (1999). We further DIRECT the Court of Appeals to decide the case on an expedited basis. If the Court of Appeals determines that the statute prevails, then it shall remand the case to the trial court to assess whether "the proof of [the defendant's] guilt is evident or the presumption great" for purposes of MCL 765.5. If the Court of Appeals determines that the court rule prevails, then it shall address whether the trial court abused its discretion by granting the defendant's request for pretrial release. See MCR 6.106(H)(1). [*People v Davis*, ___ Mich ___; 949 NW2d 285 (2020).]

[3] *People v Davis*, unpublished order of the Court of Appeals, entered October 19, 2020 (Docket No. 354927); *People v Davis*, unpublished order of the Court of Appeals, entered October 20, 2020 (Docket No. 354927). Defendant again sought leave to appeal to our Supreme Court, which denied defendant's application for leave to appeal, but noted that defendant was "not precluded from filing a motion in the trial court seeking to enforce the trial court's original bond order." *People v Davis*, ___ Mich ___; 950 NW2d 746 (2020). Defendant thereafter filed a motion in the trial court to enforce the trial court's original bond order. The trial court denied defendant's motion to enforce the bond order, and granted the prosecution's motion to stay enforcement of that order pending resolution of this appeal.

[4] See also *Atkins v Michigan*, 644 F 2d 543, 550 (CA 6, 1981) ("The Michigan Constitution and statutes provide that before conviction all persons shall be permitted release on bail, except in cases

-4-

provided by law, a person accused of a criminal offense is entitled to bail.") By way of background, Michigan's 1908 Constitution provided:

> No person, after acquittal upon the merits, shall be tried for the same offense. All persons shall, before conviction, be bailable by sufficient sureties, except for murder and treason when the proof is evident or the presumption great. [Const 1908, art II, § 14.]

Michigan's current constitution, as ratified in 1963, provided in Article I, § 15, as follows:

> No person shall be subject for the same offense to be twice put in jeopardy. All persons shall, before conviction, be bailable by sufficient sureties except for murder and treason when the proof is evident or the presumption great. [Const 1963, art 1, § 15 (as ratified).]

Const 1963, art 1, § 15 was amended effective May 1, 1979,[5] and now provides:

> No person shall be subject for the same offense to be twice put in jeopardy. All persons shall, before conviction, be bailable by sufficient sureties, except that bail **may** be denied for the following persons **when the proof is evident or the presumption great**:
>
> (a) A person who, within the 15 years immediately preceding a motion for bail pending the disposition of an indictment for a violent felony or of an arraignment on a warrant charging a violent felony, has been convicted of 2 or more violent felonies under the laws of this state or under substantially similar laws of the United States of another state, or a combination thereof, only if the prior felony conviction arose out of at least 2 separate incident, events, or transactions.
>
> (b) **A person who is indicted for, or arraigned on a warrant charging, murder** or treason.
>
> (c) A person who is indicted for, or arraigned on a warrant charging, criminal sexual conduct in the first degree, armed robbery, or kidnapping with intent to extort money or other valuable thing thereby, unless the court finds by clear and convincing evidence that the defendant is not likely to flee or present a danger of any other person.

---

involving murder or treason, 'when the proof is evident or the presumption great.' Mich Const Art I, § 15; Mich Stat Ann § 765.5."); in accord, *Love v Ficano*, 19 F Supp 2d 754, 764 (ED Mich, 1998).

[5] After this constitutional provision was amended, our Supreme Court announced its intention that the court rule, then GRC 1963, 790, conform to the constitutional amendment. *People v Gornbein*, 407 Mich 330, 333; 285 NW2d 41 (1979).

(d) A person who is indicted for, or arraigned on a warrant charging, a violent felony which is alleged to have been committed while the person was on bail, pending the disposition or a prior violent felony charge or while the person was on probation or parole as a result of a prior conviction for a violent felony.

If a person is denied admission to bail under this section, the trial of the person shall be commenced not more than 90 days after the date on which admission to bail is denied. If the trial is not commenced within 90 days after the date on which admission to bail is denied and the delay is not attributable to the defense, the court shall immediately schedule a bail hearing and shall set the amount of bail for the person.

As used in the section, "violent felony" means a felony, an element of which involves a violent act or threat of a violent act against any other person. [Emphasis added.]

When the language of a constitutional provision is plain and unambiguous, we give the provision the meaning plainly expressed and do not resort to construction of the provision. See *Michigan Coalition of State Employee Unions v Michigan Civil Serv Comm*, 465 Mich 212, 222; 634 NW2d 692 (2001) ("[I]f the language of a constitutional provision is plain, it is that meaning we give to it"); see also *Nat'l Pride At Work, Inc v Governor*, 481 Mich 56, 80; 748 NW2d 524 (2008).

Const 1963, art 1, § 15 provides, in relevant part, that "[a]ll persons shall, before conviction, be bailable by sufficient sureties, except that bail may be denied for the following persons when the proof is evident or the presumption great." We find the language of this constitutional provision to be plain and unambiguous. Use of the word 'may' ordinarily is permissive. *People v Arnold*, 502 Mich 438, 466; 918 NW2d 164 (2018). Because this provision plainly states that bail may be denied on the condition that proof of that person's guilt is evident or the presumption of that person's guilt is great, we give this provision the meaning plainly expressed and do not resort to its construction. We conclude that the denial of bail on this condition is discretionary with the trial court upon a finding by the trial court that the proof of the defendant's guilt is evident or the presumption of the defendant's guilt is great.

We observe that this constitutional provision permits the trial court to *deny* bail to a person charged with murder if the trial court determines that the proof is evident or the presumption is great; failure to determine whether the proof is evident or the presumption is great before denying bail therefore would be an abuse of the trial court's discretion. However, the constitutional provision does not prevent a trial court from granting bail to a defendant charged with murder, nor does the constitutional provision impose upon the trial court the duty to determine whether the proof is evident or the presumption of guilt great before *granting* bail to a person charged with murder or treason. Indeed, a trial court has discretion to grant bail in the constitutionally specified cases even if proof is evident or the presumption of guilt is great (bail *may* be denied . . . when the proof is evident or the presumption great"). See Const 1963, art 1, § 15.

In contrast to the constitutional provision, MCL 765.5[6] provides:

**No person** charged with treason or murder **shall** be admitted to bail **if the proof of his guilt is evident or the presumption great**. [Emphasis added.]

When interpreting a statute, our primary purpose is to discern and give effect to the Legislature's intent. *People v Williams*, 475 Mich 245, 250; 716 NW2d 208 (2006). "We begin by examining the plain language of the statute; where that language is unambiguous, we presume that the Legislature intended the meaning clearly expressed—no further judicial construction is required or permitted, and the statute must be enforced as written." *Id*. (quotation marks and citation omitted). Thus, when the language of the statute is clear and unambiguous, we enforce the statute according to its plain and ordinary meaning. *People v Zitka*, 325 Mich App 38, 49; 922 NW2d 696 (2018).

MCL 765.5 clearly and unambiguously provides that a person charged with murder or treason shall not be permitted bail if the proof of the person's guilt is evident or the presumption great. Use of the word "shall" in the statute indicates that the directive is mandatory. See *In re Forfeiture of Bail Bond*, 496 Mich 320, 339-340; 852 NW2d 747 (2014). The statute thus imposes upon the trial court the duty to determine, before permitting bail for a person charged with murder or treason, whether proof of the person's guilt is evident or the presumption of the person's guilt is great. If so, the statute requires the trial court to deny bail. Unlike the constitutional provision, the statute does not permit a trial court to exercise discretion to grant pretrial release to a person charged with murder when the proof of his or her guilt is evident or the presumption great. Thus, the statute requires the trial court to determine, regarding a defendant charged with murder, whether the proof of guilt is evident or the presumption great, and if so, to deny bail.

Stated another way, unlike the constitutional provision, the statute requires the trial court to determine whether the proof of the defendant's guilt is evident or the presumption great before *granting* or *denying* pretrial release to a person charged with murder, and then to base its decision to grant or deny bail upon the outcome of that inquiry. Because the statute requires the trial court to consider whether the proof of the defendant's guilt is evident or the presumption great before granting or denying pretrial release to a defendant charged with murder, under the statute it would be an abuse of discretion for a trial court to fail to do so. See *People v Franklin*, 500 Mich 92, 100; 894 NW2d 561 (2017) (A trial court abuses its discretion when it makes an error of law).

MCR 6.106 expressly references Const 1963, art 1, § 15, and provides, in relevant part:

**(A) In General.** At the defendant's arraignment on the complaint and/or warrant, unless an order in accordance with this rule was issued beforehand, the court must order that, pending trial, the defendant be

    (1) held in custody as provided in subrule (B);

---

[6] The text of MCL 765.5 predates Michigan's 1963 Constitution, having been enacted as part of this state's Code of Criminal Procedure by 1927 PA 175, and not amended since.

-7-

(2) released on personal recognizance or an unsecured appearance bond; or

(3) released conditionally, with or without money bail (ten percent, cash or surety).

**(B) Pretrial Release/Custody Order Under Const 1963, Art 1, § 15.**

(1) The court **may** deny pretrial release to

(a) a defendant charged with

(*i*) murder or treason, **or**

(*ii*) committing a violent felony and

[A] at the time of the commission of the violent felony, the defendant was on probation, parole, or released pending trial for another violent felony, or

[B] during the 15 years preceding the commission of the violent felony, the defendant had been convicted of 2 or more violent felonies under the laws of this state or substantially similar laws of the United States or another state arising out of separate incidents, if the court finds that proof of the defendant's guilt is evident or the presumption great**;**

(b) a defendant charged with criminal sexual conduct in the first degree, armed robbery, or kidnapping with the intent to extort money or other valuable thing thereby, if the court finds that proof of the defendant's guilt is evident or the presumption great, unless the court finds by clear and convincing evidence that the defendant is not likely to flee or present a danger to any other person. [Some emphasis added.]

Regarding granting pretrial release, MCR 6.106(F) provides, in relevant part:

(1) In deciding which release to use and what terms and conditions to impose, the court is to consider relevant information, including:

(a) defendant's prior criminal record, including juvenile offenses;

(b) defendant's record of appearance or nonappearance at court proceedings or flight to avoid prosecution;

(c) defendant's history of substance abuse or addiction;

(d) defendant's mental condition, including character and reputation for dangerousness;

(e) the seriousness of the offense charged, the presence or absence of threats, and the probability of conviction and likely sentence;

(f) defendant's employment status and history and financial history insofar as these factors relate to the ability to post money bail;

(g) the availability of responsible members of the community who would vouch for or monitor the defendant;

(h) facts indicating the defendant's ties to the community, including family ties and relationships, and length of residence, and

(i) any other facts bearing on the risk of nonappearance or danger to the public.

(2) If the court orders the defendant held in custody pursuant to subrule (B) or released on conditions in subrule (D) that include money bail, the court must state the reasons for its decision on the record. The court need not make a finding on each of the enumerated factors.

In addition, MCR 6.106(G)(2)(b) provides, in part:

(b) . . . Unless the court makes the findings required to enter an order under subrule (B)(1), the defendant must be ordered released under subrule (C) or (D).

We interpret court rules using the same principles applicable to the interpretation of statutes. *People v Buie*, 491 Mich 294, 304; 817 NW2d 33 (2012). When the language is clear and unambiguous, we enforce a statute according to its plain and ordinary meaning. *Zitka*, 325 Mich App at 49. MCL 6.106(B) unambiguously provides that the trial court has discretion to deny pretrial release to a defendant charged with murder. See MCR 6.106(B)(1)(a)(*i*). The court rule does not explicitly state the grounds for denial of pretrial release to a defendant charged with murder, but the heading of the applicable subsection[7] references Const 1963, art 1, § 15. This suggests that the trial court's determination regarding pretrial release for a defendant charged with murder must be in accordance with that constitutional provision, being that bail may not be denied unless the court determines that proof of that person's guilt is evident or the presumption of that person's guilt is great. In addition, MCR 6.106(G)(2)(b) requires that the trial court make the findings required to enter an order under MCR 6.106(B)(1), suggesting that the trial court must make findings that a person's guilt is evident or the presumption of that person's guilt is great before *denying* bail.[8]

---

[7] We acknowledge that MCR 1.106 provides that "[t]he catch lines of a rule are not part of the rule and may not be used to construe the rule more broadly or more narrowly than the text indicates." The reference to the constitutional provision in the catch line of MCR 6.106(B), however, appears to have no other purpose than to the direct the reader to the constitutional provision, which in turn states the applicable grounds for denying pretrial release.

[8] The court rule echoes the provisions of Const 1963, art 1, § 15. For example, regarding violent felonies other than murder or treason, the court rule provides that the trial court may deny pretrial release to a defendant who falls within the provisions of MCR 6.106(B)(1)(*ii*)[A] or [B], which

To summarize, generally, before conviction a defendant is entitled to have bail set by the trial court. With respect to a person charged with murder, Const 1963, art 1, § 15, permits the trial court discretion to deny a defendant release on bail if proof of the defendant's guilt is evident or the presumption of the defendant's guilt is great. Similarly, MCR 6.106(B)(1), by referencing and closely echoing Const 1963, art 1, § 15, permits the trial court discretion to deny release to a defendant charged with murder, and requires that the trial court make the findings required to deny pretrial release. And MCR 6.102(G)(2)(b) states that a defendant must be ordered released unless the court makes the findings required under subsection (B)(1) before denying bail. By contrast, MCL 765.5 *precludes* the trial court from releasing on bail a person charged with murder if the proof of his guilt is evident or the presumption great, thus curtailing the discretion granted the trial court in the constitutional provision and the court rule, and also curtailing the defendant's right to pretrial release permitted by Const 1963, art 1, § 15.

In this case, our Supreme Court instructed this Court to address on remand whether MCR 6.106(B) and MCL 765.5 conflict, and directed this Court's attention to *McDougall v Schanz*, 461 Mich 15; 597 NW2d 148 (1999), and *People v Watkins*, 491 Mich 450; 818 NW2d 296 (2012). In *McDougall*, the Supreme Court considered, in the context of two cases alleging medical malpractice, whether MCL 600.2169 was unconstitutional as an impermissible infringement by the Legislature on the province of the Supreme Court to enact rules governing legal practice and procedure. The Court concluded that MCL 600.2169 was an enactment of substantive law, and therefore did not impermissibly infringe upon the Court's constitutional rule-making authority. *McDougall*, 461 Mich at 18. In *Watkins*, the Court determined that MCL 768.27a, which permits the admission of certain other-acts evidence in a criminal case in which the defendant is accused of a listed offense against a minor, irreconcilably conflicted with MRE 404(b), the evidentiary rule which bars the admission of other-acts evidence for the purpose of showing a defendant's propensity to commit similar acts. *Watkins*, 491 Mich at 455. The Court held that the statute in that case prevailed over the court rule because it did not impermissibly infringe on the Court's authority to enact rules of practice and procedure under Const 1963, art 6, § 5. *Id*. at 455-456.

*McDougall* instructs that we first consider whether a statute and a court rule, here MCL 765.5 and MCR 6.106, can be construed so as not to conflict. *McDougall*, 461 Mich at 24. If there is no inherent conflict, "[w]e are not required to decide whether [the] statute is a legislative attempt to supplant the Court's authority." *Id*. (quotation marks and citation omitted). If the provisions cannot be "read . . . in harmony," then they conflict. *Watkins*, 491 Mich at 472. They also conflict if their application would often compel differing outcomes. See *McDougall*, 461 Mich at 25. In determining whether such a conflict exists, a reviewing court should use ordinary principles of statutory interpretation to construe both the statute and the court rule. *Watkins*, 491 Mich at 467-468. In addition, courts "do not lightly presume that the Legislature intended a conflict, calling into question [our Supreme Court's] authority to control practice and procedure in the courts." *Id*. at 467 (quotation marks and citation omitted).

---

includes if the court finds that proof of the defendant's guilt is evident or the presumption great, closely following the provision of Const 1963, art 1, § 15.

Here, the statute and the court rule inherently conflict.[9]  MCL 765.5 *prohibits* the trial court from granting pretrial release to a defendant charged with murder if the proof of the defendant's guilt is evident or the presumption of guilt is great.  By contrast, MCR 6.106, read in conjunction with Const 1963, art 1, § 15, *permits* the trial court to deny pretrial release to a defendant charged with murder if the proof of the defendant's guilt is evident or the presumption of guilt is great, but does not mandate denial of bail.

Because the statute and the court rule conflict, the next inquiry typically is "whether the statute impermissibly infringes upon [our Supreme] Court's constitutional authority to enact rules governing practice and procedure."  *McDougall*, 461 Mich at 26.  Under Const 1963, art 6, § 5, and separation-of-powers principles, the Supreme Court has "exclusive rule-making authority in matters of practice and procedure" concerning Michigan courts, but lacks authority "to enact court rules that establish, abrogate, or modify the substantive law."  *Id*. at 26-27.  Accordingly, when a statute and court rule conflict, a reviewing court is tasked with determining whether the statute "is an impermissible rule governing the practice and procedure of the courts or a valid enactment of substantive law."  *Watkins*, 491 Mich at 473.  Here, the parties agree that MCL 765.5 is substantive in nature, not a legislative attempt to assert control over matters of pure juridical procedure.

In this case, however, although MCL 765.5 conflicts with MCR 6.106, the true crux of the matter is that MCL 765.5 conflicts with Const 1963, art. 1, § 15.  The Michigan Constitution is paramount to other laws in this state, and is the law to which other laws must conform; a statute that conflicts with the state constitution must fall.  *Mays v Governor*, 506 Mich 157, 188-189; 954 NW2d 139 (2020) (BERNSTEIN, J).  "[W]hen a statute contravenes the provisions of the state constitution it is unconstitutional and void."  *Oshtemo Charter Twp v Kalamazoo Co Road Comm*, 302 Mich App 574, 590; 841 NW2d 135 (2013) (quotation marks and citation omitted).  The Legislature does not have authority to change or amend a provision of the state's constitution.  *Pillon v Attorney General*, 345 Mich 536, 547; 77 NW2d 257 (1956).  Of course, in this case, the statute at issue long pre-dates the constitutional provision that now prevails.  MCL 765.5, enacted as it was in 1927, aligns with the text of Const 1908, art II, § 14, and the text of Const 1963, art 1, § 15, as ratified, which both provided that a person charged with murder or treason shall not be released on bond when the proof of guilt is evident or the presumption great.  MCL 765.5, having never been amended, does not align with the current text of Const 1963, art 1, § 15, as amended by the people in 1979, which now provides, in relevant part, that "[a]ll persons shall, before conviction, be bailable by sufficient sureties, except that bail *may* be denied . . . when the proof is evident or the presumption great" (emphasis added).

---

[9] Although our Supreme Court has cited all three of the provisions in this case together as supporting the statement that "[b]ail may be denied when the proof is evident or the presumption great," *People v Milosavleski*, 450 Mich 954 (1996), citing Const 1963, art 1, § 15; MCL 765.5; and MCR 6.106, an order of our Supreme Court is binding precedent if it is a final disposition of an application and contains a concise statement of the applicable facts and the reasons for the Court's decision.  *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 369; 817 NW2d 504 (2012).  The Court's order in *Milosavleski*, 450 Mich 954, lacks such a discussion.

We therefore conclude that the statute must give way to the Constitution. Under Const 1963, art 1, § 15, a defendant is entitled to have bail set by the trial court except in certain circumstances, such as when a defendant is charged with murder and the proof of the defendant's guilt is evident or the presumption great. In that circumstance, the trial court may, in its discretion, deny bail to the defendant. In this case, defendant was charged with murder and the trial court granted bail. Because the trial court did not deny bail to defendant, the trial court was not required under either Const 1963, art. 1, § 15 or MCR 6.106(B)(1) to make findings regarding whether the proof of defendant's guilt is evident or the presumption great. We therefore conclude that the trial court, having no obligation to do so in this case, did not abuse its discretion by failing to apply that standard.

The order of the trial court granting defendant pretrial release is affirmed.


/s/ Michael F. Gadola
/s/ Karen M. Fort Hood
/s/ Anica Letica